JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

SUSAN E. BADGER (CSBN 124365)
JEFFREY RABKIN (CSBN 189798)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7167

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | No. CR 09-376 SI |
|       Plaintiff,        ) | **UNITED STATES' PROPOSED** |
|                  ) | **JURY INSTRUCTIONS** |
|   v.              ) | Pretrial:    December 21, 2009 |
| JUDY YEUNG,         ) | Trial Date:   January 11, 2010 |
|   also known as "Miu Wan Yeung,"  ) | Courtroom:  Hon. Susan Illston |
|                 ) | |
|       Defendant.     ) | |

1        Pursuant to the Court's Order for Trial Preparation, the United States respectfully

2   requests that the Court charge the jury with model jury instructions 1.01-1.11 before

3   opening statements, with model jury instructions 3.01-3.07 and 3.08-3.12 as applicable at

4   the close of the evidence and before argument, and with model jury instructions 7.01-7.05

5   at the close of argument and immediately before deliberation.  As applicable, the United

6   States also requests that the Court charge the jury with model jury instructions 1.12

7   (outline of trial), 2.1 (first recess cautionary instruction), 2.2 (bench conferences and

8   recesses), 2.4 (stipulations of fact), 2.5 (judicial notice), and 2.10 (other crimes, wrongs or

9   acts of defendant).

10        In addition, the United States respectfully requests that the Court charge the jury

11   with the attached jury instructions.  Leave is respectfully requested to include such other

12   additional instructions as may become appropriate during the course of the trial.

15   DATED: December 17, 2009        Respectfully submitted,

16                                JOSEPH P. RUSSONIELLO
United States Attorney

18                                _____/s/_____

19                                SUSAN E. BADGER
JEFFREY RABKIN
Assistant United States Attorneys

CR 09-376 SI
UNITED STATES' PROPOSED
JURY INSTRUCTIONS

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1**

**INSTRUCTION NO. __**

**1.13 JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION**

Languages other than English may be used during this trial.

The evidence you are to consider is only that provided through the official court interpreters.  Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning of the non-English words.

**Comment**

The Committee recommends that this instruction be given in every case where applicable. *See United States v. Franco*, 136 F.3d 622, 626 (9th Cir. 1998); *United States v. Fuentes-Montijo*, 68 F.3d 352, 355-56 (9th Cir. 1995).

*See* Instructions 2.8 (Transcript of Recording in Foreign Language) and 2.9 (Foreign Language Testimony) concerning foreign language transcripts and testimony to be given during trial, and Instruction 3.20 (Jury to be Guided by Official English Language Translation/Interpretation) to be given at the end of the case.

CR 09-376 SI
UNITED STATES' PROPOSED
JURY INSTRUCTIONS

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2

## INSTRUCTION NO. __

## 2.7 TRANSCRIPT OF RECORDING IN ENGLISH

You are about to listen to a tape recording that has been received in evidence. Please listen to it very carefully. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape. However, bear in mind that the tape recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you heard is controlling. After the tape has been played, the transcript will be taken from you.

## Comment

*See United States v. Franco*, 136 F.3d 622, 626 (9th Cir. 1998).

The Committee recommends that this instruction be given immediately before a tape recording is played so that the jury is alerted to the fact that what they hear is controlling. It need not be repeated if more than one tape recording is played. However, the judge should remind the jury that the tape recording and not the transcript is the evidence and that they should disregard anything in the transcript that they do not hear. If the instruction is also to be given as part of the closing instructions, it should be modified appropriately.

*See* Instruction 2.8 (Transcript of Recording in Foreign Language).

CR 09-376 SI
UNITED STATES' PROPOSED
JURY INSTRUCTIONS

4

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3**

**INSTRUCTION NO. __**

**2.8 TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE**

You are about to listen to a tape recording in a language other than English. Each of you has been given a transcript of the recording which has been admitted into evidence. The transcript is a translation of the foreign language tape recording.

Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript and disregard any different meaning of the non-English words.

**Comment**

This instruction is appropriate immediately prior to the jury hearing a tape-recorded conversation in a foreign language if the accuracy of the translation is not in issue. *See, e.g., United States v. Franco*, 136 F.3d 622, 626 (9th Cir. 1998); *United States v. Fuentes-Montijo*, 68 F.3d 352, 355-56 (9th Cir. 1995).

*See* Instructions 2.9 (Foreign Language Testimony) for instruction to be used during trial, and 3.20 (Jury to be Guided by Official English Translation/Interpretation) for instruction at the end of the case.

CR 09-376 SI
UNITED STATES' PROPOSED
JURY INSTRUCTIONS

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4

## INSTRUCTION NO. __
## 2.9 FOREIGN LANGUAGE TESTIMONY

You are about to hear testimony of a witness who will be testifying in a language other than English. This witness will testify through the official court interpreter. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation of the witness's testimony. You must disregard any different meaning of the non-English words.

## Comment

*C.f. United States v. Franco*, 136 F.3d 622, 626 (9th Cir. 1998) (jury properly instructed that it must accept translation of foreign language tape-recording where the accuracy of the translation is not in issue); *United States v. Fuentes-Montijo*, 68 F.3d 352, 355-56 (9th Cir. 1995).

*See* Instructions 2.8 (Foreign Language Transcripts) for instruction to be used during trial, and 3.20 (Jury to be Guided by Official English Translation/Interpretation) for instruction at the end of the case.

CR 09-376 SI
UNITED STATES' PROPOSED
JURY INSTRUCTIONS

1

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5

2

### INSTRUCTION NO. __

3

### 4.19 CHARTS AND SUMMARIES IN EVIDENCE

4

5

6        Certain charts and summaries have been received into evidence. Charts and

7   summaries are only as good as the underlying supporting material. You should, therefore,

8   give them only such weight as you think the underlying material deserves.

9

10                                              **Comment**

11

12        *See* Fed. R. Evid. 1006. *See also* Jury Committee of the Ninth Circuit, A Manual
13   on Jury Trial Procedures § 3.10 (1998).  This instruction may be unnecessary if there is
     no dispute as to the accuracy of the chart or summary.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
     CR 09-376 SI
     UNITED STATES' PROPOSED
     JURY INSTRUCTIONS

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

## INSTRUCTION NO. __

### 4.13 GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS

You have heard testimony from an informant who was involved in the government's investigation in this case. Law enforcement officials are not precluded from engaging in stealth and deception, such as the use of informants and undercover agents, in order to apprehend persons engaged in criminal activities.  Undercover agents and informants may properly make use of false names and appearances and may properly assume the roles of members in criminal organizations. The government may utilize a broad range of schemes and ploys to ferret out criminal activity.

### Comment

*See United States v. Bramble*, 103 F.3d 1475, 1478 (9th Cir. 1996) (permissible for undercover agents to deny they are police officers); *United States v. Ritter*, 989 F.2d 318, 322 (9th Cir. 1993); *United States v. North*, 746 F.2d 627, 631 (9th Cir. 1984), *cert. denied*, 470 U.S. 1058 (1985), *overruled on other grounds by Jacobson v. United States*, 503 U.S. 540 (1992).

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7

## INSTRUCTION NO. __

## PERSONS NOT ON TRIAL

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged.   You may not draw any inference, favorable or unfavorable, to the government or to the defendant from the fact that other persons are not named as defendants.  You also may not speculate as to the reasons that other persons are not on trial.  These matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

## Comment

*See* 1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 12.11 (Verdict as to Defendant Only); 9th Cir. Model Jury Instruction 2.13, *Disposition of Charge Against Co-Defendant; see also United States v. Muse*, 2007 WESTLAW 1989313, *22 (S.D.N.Y. July 3, 2007) (substantially similar instruction); *United States v. Fotovich*, 885 F.2d 241, 242 (5th Cir. 1989) (citing Fifth Circuit pattern jury instruction 1.19).

*See also United States v. Arras*, 373 F.3d 1071, 1077 (10th Cir. 2004) (holding that instruction that members of jury were not to concern themselves with guilt of anyone except the defendants did not improperly direct jurors to ignore defense that witness was covering up for others by blaming defendants; "An instruction admonishing jurors not to concern themselves with the guilt of anyone except the defendants, when '[r]ead in combination with the instruction requiring the jury to find guilt 'beyond a reasonable doubt,' serves to [focus] jurors on the task at hand: determining whether [defendants were] guilty of the [crime] ) (quoting *United States v. Oberle*, 136 F.3d 1414, 1422-23 (10th Cir. 1998) (brackets in original); *United States v. Cortinas*, 142 F.3d 242, 254 (5th Cir. 1998) (affirming use of jury instruction relating to "persons not on trial") (citations omitted).

*See also United States v. Andujar*, 49 F.3d 16, 24 (1st Cir. 1994) (cautioning against instructions referring to "guilt or innocence").

CR 09-376 SI
UNITED STATES' PROPOSED
JURY INSTRUCTIONS

### GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8

### INSTRUCTION NO. __

### 4.17 OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

### Comment

*See* Fed. R. Evid. 701–05. *See also United States v. Mendoza*, 244 F.3d 1037, 1048 (9th Cir. 2001) (instruction should be given when requested by the defendant).

CR 09-376 SI
UNITED STATES' PROPOSED
JURY INSTRUCTIONS

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9

### INSTRUCTION NO. __

### ON OR ABOUT - EXPLAINED

The Superseding Indictment charges that the offenses alleged in Counts One through Twelve were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dated allege in each count of the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

### Comment

*See* Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u> § 13.05 (6th ed. 2008).

CR 09-376 SI
UNITED STATES' PROPOSED
JURY INSTRUCTIONS

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10**

**INSTRUCTION NO. __**

**5.6 KNOWINGLY – DEFINED**

An act is done knowingly if the defendant is aware of the act and does not act, or fails to act, through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.


**Comment**

This instruction was approved as an accurate statement of the law for use when the criminal statute does not involve a different state of knowledge. *United States v. Gravenmeir*, 121 F.3d 526, 529-30 (9th Cir. 1997).

CR 09-376 SI
UNITED STATES' PROPOSED
JURY INSTRUCTIONS

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 11

## 3.17 INTENT TO DEFRAUD—DEFINED

An intent to defraud is an intent to deceive or cheat.

### Comment

One facet of intent to defraud is whether the defendant acted in good faith. In *United States v. Molinaro*, 11 F.3d 853, 863 (9th Cir. 1993), *cert. denied,* 513 U.S. 1059 (1994) the Ninth Circuit approved the following instruction in a case involving the crime of bank fraud:

You may determine whether a defendant had an honest, good faith belief in the truth of the specific misrepresentations alleged in the indictment in determining whether or not the defendant acted with intent to defraud. However, a defendant's belief that the victims of the fraud will be paid in the future or will sustain no economic loss is no defense to the crime.

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 12**

**INSTRUCTION NO. __**

**8.16 CONSPIRACY—ELEMENTS [modified]**

The defendant is charged in Count One of the superseding indictment with conspiring to commit wire fraud in violation of Section 1349 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about December 2004, and ending on or about January 2007, there was an agreement between two or more persons to commit wire fraud as charged in the indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at

least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

## Comment

In the aftermath of *Apprendi v. New Jersey,* 530 U.S. 466 (2000), the Ninth Circuit has held that where the amount of drugs "increases the prescribed statutory maximum penalty to which a criminal defendant is exposed," the amount of drugs must be decided by a jury beyond a reasonable doubt. *United States v. Nordby,* 225 F.3d. 1053 (9th Cir. 2000) ("[O]ur existing precedent to the contrary is overruled to the extent it is inconsistent with *Apprendi.*") (citations omitted). *See also United States v. Garcia-Guizar*, 227 F.3d 1125 (9th Cir. 2000) *cert. denied*, 532 U.S. 984 (2001). As a result, if applicable, the court should obtain a jury determination of the amount of drugs involved. See also *United States v. Booker,* 125 S. Ct. 738 (2005); *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

The third element of this instruction should be used only where the statute expressly requires proof of an overt act, *e.g.*, 18 U.S.C. § 371 (the general conspiracy statute) and 18 U.S.C. § 1511(a) (conspiracy to obstruct state or local law enforcement). *United States v. Shabani*, 513 U.S. 10, 15-16 (1994) (holding that proof of overt act not necessary for violation drug conspiracy statute 21 U.S.C. § 846). *See also United States v. Montgomery*, 150 F.3d 983, 997-98 (9th Cir. 1998) (recognizing that reasoning in *Shabani* obviates need for proof of an overt act in furtherance of conspiracy under 21 U.S.C. § 963), *cert. denied*, 525 U.S. 917 (1998).

Some statutes do not require proof of an overt act. *See Whitfield v. United States,* 125 S. Ct. 687, 690-94 (2005); *see, e.g.,* 18 U.S.C. § 1951(a) (Conspiracy to Interfere with Commerce by Threats or Violence), § 1956(h) (Conspiracy to Launder Monetary Instruments), § 1962(d) (Conspiracy to Engage in Racketeer Influenced and Corrupt Organizations), § 2384 (Seditious Conspiracy); 21 U.S.C. §§ 841, 846 (Conspiracy to

Possess a Controlled Substance with Intent to Distribute), and §§ 960, 963 (Conspiracy to Import or Export a Controlled Substance).

*See* Instruction 7.9 (Specific Issue Unanimity).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13

## INSTRUCTION NO. __

### 8.18 CONSPIRACY—KNOWING OF AND ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1)     the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2)     the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3)     the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

### Comment

A person may be a member of a conspiracy even though the person does not know

CR 09-376 SI
UNITED STATES' PROPOSED
JURY INSTRUCTIONS

all of the purposes of or participants in the conspiracy. *United States v. Escalante,* 637 F.2d 1197, 1200 (9th Cir.), *cert. denied,* 449 U.S. 856 (1980); *United States v. Kearney,* 560 F.2d 1358, 1362 (9th Cir.), *cert. denied,* 434 U.S. 971 (1977).

A single conspiracy can be established even though it took place during a long period of time during which new members joined and old members dropped out. *United States v. Green,* 523 F.2d 229, 233 (2d Cir.1975), *cert. denied,* 423 U.S. 1074 (1976). *See also United States v. Thomas,* 586 F.2d 123, 132 (9th Cir.1978) (holding that proof that the defendant "knew he was plotting in concert with others to violate the law was sufficient to raise the necessary inference that he joined in the overall agreement"); *United States v. Perry,* 550 F.2d 524, 528 (9th Cir.) (holding that the law of conspiracy does not require the government "to prove that all of the defendants met together at the same time and ratified the illegal scheme"), *cert. denied,* 431 U.S. 918, 434 U.S. 827 (1977).

CR 09-376 SI
UNITED STATES' PROPOSED
JURY INSTRUCTIONS

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14**

**INSTRUCTION NO. __**

**8.20 CONSPIRACY — LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR (*PINKERTON* CHARGE) (MODIFIED)**

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of conspiracy to commit wire fraud as charged in Count One of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

1.  A person named or identified in Count One of the indictment committed the crime of wire fraud as alleged in that count;

2.  The person was a member of the conspiracy charged in Count One of the indictment;

3.  The person committed the crime of wire fraud in furtherance of the conspiracy;

4.  The defendant was a member of the same conspiracy at the time the offense charged in Count One was committed; and

5.  The offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary consequence of the unlawful agreement.

**Comment**

The *Pinkerton* charge derives its name from *Pinkerton v. United States*, 328 U.S. 640 (1946), which held that a defendant could be held liable for a substantive offense committed by a

CR 09-376 SI
UNITED STATES' PROPOSED
JURY INSTRUCTIONS

1   co-conspiration as long as the offense occurred within the course of the conspiracy, was within
2   the scope of the agreement, and could reasonably have been foreseen as a necessary or natural
    consequence of the unlawful agreement. *United States v. Alvarez-Valenzuela*, 231 F.3d 1198,
    1202 (9th Cir.2000).

3        Where this instruction is appropriate, it should be given in addition to Instruction 8.16
4   (Conspiracy—Elements).

5        This instruction is based upon *United States v. Alvarez-Valenzuela*, 231 F.3d at 1202-
6   1203, in which the Ninth Circuit approved of the 1997 version of Instruction 8.5.5
    (Conspiracy—*Pinkerton* Charge), and *United States v. Montgomery*, 150 F.3d 983, 996-997 (9th
    Cir.), *cert. denied*, 525 U.S. 917 (1998).

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 15**

**INSTRUCTION NO. __**

**8.103 WIRE FRAUD—SCHEME TO DEFRAUD (18 U.S.C. § 1343) (Modified)**

The defendant is charged in Counts Two through Nine of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant devised a scheme or plan for obtaining money or property by making false promises or statements, with all of you agreeing on at least one particular false promise or statement that was made;

Second, the defendant knew that the promises or statements were false or fraudulent;

Third, the promises or statements were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Fourth, the defendant acted with the intent to defraud; and

Fifth, the defendant used, or caused someone to use, the interstate wires to carry out or to attempt to carry out the scheme or plan. The defendant need not have intended the use of wires nor have been aware of the use of the wires.

False statements or promises includes actual, direct false statements as well as

half-truths, and includes the concealment of facts that are material or important to the matter in question and that were made or used with the intent to defraud; a statement or representation is "false" if it was untrue when made and was then known to be untrue by the person making it or causing it to be made or made or caused to be made with reckless indifference as to its truth or falsity.

An interstate wire includes any signal, sign, picture, or sound for executing the scheme that travels from one state to another. An interstate wiring is caused when one knows that the interstate wires will be used in the ordinary course of business or when one can reasonably foresee such use.

It does not matter whether the interstate wire was itself false or deceptive so long as the interstate wire was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained, nor does it matter that the use of wires was an essential part of the scheme.

### Comment

*See* Instruction 8.101 (mail fraud) and Comment following Instruction 8.103 (Wire Fraud): The only difference between mail fraud and wire fraud is that the former involves the use of the mails and the latter involves the use of wire, radio, or television communication in interstate or foreign commerce. In a wire fraud or attempted wire fraud case, the Committee recommends that the applicable mail fraud instructions (Instructions 8.101 (Mail Fraud–Scheme to Obtain money or Property by False Promises) and 8.102 (Mail Fraud–Scheme to Defraud)), be modified appropriately.

*See Lustiger v. United States,* 386 F.2d 132, 138 (9th Cir. Ariz. 1967) ("deceitful statements of half truths or the concealment of material facts is actual fraud violative of the mail fraud statute"). Additionally an individual is chargeable with mail fraud if their representation is known to be untrue or they act with "reckless indifference to whether a representation is true or false." *United States v. Love*, 535 F.2d 1152, 1157 (9th Cir. 1976).

*See United States v. Wolfson*, 634 F.2d 1217, 1220 (9th Cir. Nev. 1980) (the defendant himself need not have used the wires; the offense can be established simply

CR 09-376 SI
UNITED STATES' PROPOSED
JURY INSTRUCTIONS

through the defendant's "ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended" (quoting *Pereira v. United States*, 1954, 347 U.S. 1, 9 (1954) which dealt with mail fraud) (*see also*, *United States v. Maze*, 414 U.S. 395, 399 (1974).  *See also Virden v. Graphics One*, 623 F. Supp. 1417, 1422 (C.D. Cal1985) (the government may prove wire fraud by showing that the defendant acted "knowing that the use of the mails or wires would follow in the ordinary course of business, or that, even when not intended, such use was reasonably foreseeable") *Id.* at 1425 (the wire communications need not even be an essential part of the scheme but must "merely be part of the scheme.")

The intent requirement of wire fraud pertains specifically to the scheme to defraud, not to the causing of wire transmissions. *United States v. Cusino*, 694 F. 2d 185, 188 ( 9th Cir. Cal. 1982).

*See Schmuck v. United States*, 489 U.S. 705, 712 (1989) (mailing that is "incident to an essential part of the scheme" or "a step in the plot" satisfies mailing element of offense); *United States v. Hubbard*, 96 F.3d 1223, 1228–29 (9th Cir. 1996) (same).

In the case of wire fraud, the government need not prove a specific false statement was made. *United States v. Woods*, 335 F.3d 993, 999 (9th Cir. Cal. 2003). "Under the mail fraud statute the government is not required to prove any particular false statement was made. Rather, there are alternative routes to a mail fraud conviction, one being proof of a scheme or artifice to defraud, which may or may not involve any specific false statements." *Id.* (quoting *United States v. Munoz*, 233 F.3d 1117, 1131 (9th Cir. 2000) (internal citations omitted)).

CR 09-376 SI
UNITED STATES' PROPOSED
JURY INSTRUCTIONS

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 16

## INSTRUCTION NO. __

### 8.101A SCHEME TO DEFRAUD – VICARIOUS LIABILITY

Each member of a scheme to defraud is responsible for other co-schemers' actions during the course of and in furtherance of the scheme.

If you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, that defendant is responsible for what other co-schemers said or did to carry out the scheme, even if the defendant did not know what they said or did.

For the defendant to be guilty of an offense committed by a co-schemer as part of or in furtherance of the scheme, the offense must be one that could reasonably be foreseen as a necessary and natural consequence of the scheme to defraud.

### Comment

This instruction is based on the co-schemer liability instruction approved by *United States v. Stapleton*, 293 F.3d 1111, 1115-1116, 1117-1118 (9th Cir. 2002) (no error of law in court's instruction on elements of co-schemer vicarious liability, when court also correctly instructed on scheme to defraud).

Where this instruction is appropriate, it should be given in addition to Instructions 8.101 (Mail Fraud – Scheme to Obtain Money or Property by False Promises 18 U.S.C. § 1341), 8.102 (Mail Fraud – Scheme to Defraud 18 U.S.C. §§ 1341, 1346), 8.103 (Wire Fraud 18 U.S.C. § 1343) or 8.106 (Bank Fraud–Scheme to Defraud by False Statement 18 U.S.C. § 1344). *See Id.,* at 1118- 1120.

On co-schemer liability generally, see *United States v. Lothian*, 976 F.2d 1257, 1262-1263 (9th Cir. 1992) (similarity of co-conspirator and co-schemer liability); *United States v. Blitz*, 151 F.3d 1002, 1006 (9th Cir. 1998) (knowing participant in scheme to defraud is liable for fraudulent acts of co-schemers); *United States v. Dadanian*, 818 F.2d 1443, 1446 (9th Cir. 1987), modified, 856 F.2d 1391 (1988) (Like co-conspirators, "knowing participants in the scheme are legally liable for their co-schemer's use of mails or wires.").

Success of the scheme is immaterial. *United States v. Rude*, 88 F.3d 1538, 1547 (9th Cir. 1996); *United States v. Utz*, 886 F.2d 1148, 1150-1151 (9th Cir. 1989).

CR 09-376 SI
UNITED STATES' PROPOSED
JURY INSTRUCTIONS

24

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 17**

**INSTRUCTION NO. __**

**WITNESS TAMPERING (18 U.S.C. § 1512(b)(3))**

The defendant is charged in Counts Ten through Twelve of the indictment with attempted witness tampering in violation of Section 1512(b)(3) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

(a) The defendant knowingly;

(b) used intimidation or threats, or engaged in corrupt persuasion towards another person, or attempted to do so;

(c) with the intent to hinder or prevent the communication;

(d) to a law enforcement officer or judge of the United States;

(e) of information relating to the commission or possible commission of a federal offense.

The term "corrupt persuasion" means persuasion motivated by an inappropriate or improper purpose.

**Comments**

*See United States v. Khatami*, 280 F.3d 907, 910-911 (9th Cir. 2002).  *See also United States v. Ladum*, 141 F.3d 1328, 1337-1338 (9th Cir. 1998); *United States v. Kulczyk*, 931 F.2d 542 (9th Cir. 1991).

The Ninth Circuit held in *United States v. Khatami*, 280 F.3d 907, 908 (9th Cir.

CR 09-376 SI
UNITED STATES' PROPOSED
JURY INSTRUCTIONS

2001) (citing § 1512(b)), "[T]he 'corruptly persuades' language of the statute encompasses non-coercive attempts by a target of a criminal investigation to tamper with prospective witnesses." In *Khatami*, the court affirmed the defendant's conviction for witness tampering under § 1512(b)(3) based on the defendant's having asked two potential witnesses to lie to a federal investigator about facts that would reveal the fraudulent nature of her applications for Social Security disability benefits. *Id*. at 909. As the court stated, "[T]he statute strongly suggests that one who attempts to 'corruptly persuade' another is . . . motivated by an inappropriate or improper purpose to convince another to engage in a course of behavior – such as impeding an ongoing criminal investigation." *Id*. at 911-12.

CR 09-376 SI
UNITED STATES' PROPOSED
JURY INSTRUCTIONS

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 18**

**INSTRUCTION NO. __**

**5.3 ATTEMPT**

The defendant is charged in the indictment with attempting to commit witness tampering in violation of Section 1512(b)(3) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to commit the crime of witness tampering; and

Second, the defendant did something which was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

It is a crime to commit witness tampering in violation of Section 1512(b)(3) of Title 18 of the United States Code.

Mere preparation is not a substantial step toward the commission of witness tampering in violation of Section 1512(b)(3) of Title 18 of the United States Code.

**Comment**

"To attempt a federal crime is not, of itself, a federal crime. Attempt is only actionable when a specific federal criminal statute makes it impermissible to attempt to commit the crime." *United States v. Anderson*, 89 F.3d 1304, 1314 (6th Cir. 1996) (citations omitted), *cert. denied*, 519 U.S. 1100 (1997). *See also United States v. Narcia,* 776 F. Supp. 491, 493 (D. Ariz. 1991). However, many federal statutes defining crimes also expressly proscribe attempts. This Manual contains model instructions for attempt to commit arson (8.1), passing counterfeit obligations (Instruction 8.23), escape (Instruction 8.37), murder (Instruction 8.93), kidnaping foreign official or official guest (Instruction 8.99), kidnaping federal officer or employee (Instruction 8.100), bank fraud (Instructions

CR 09-376 SI
UNITED STATES' PROPOSED
JURY INSTRUCTIONS

8.105 and 8.107), mail theft (Instruction 8.114), extortion (Instructions 8.117 and 8.118), financial transaction to promote unlawful activity (Instruction 8.120), laundering monetary instruments (Instruction 8.121), transporting funds to promote unlawful activity (Instruction 8.122), transporting monetary instruments for purpose of laundering (Instruction 8.123), bank robbery (Instruction 8.132), aggravated sexual abuse (Instructions 8.134, 8.136, and 8.138), sexual abuse (Instructions 8.140, 8.142, 8.144 and 8.146), and controlled substance offenses (Instructions 9.14, 9.16, 9.15, 9.18 and 9.20). This list is not all-inclusive.

This instruction is appropriate when a defendant is accused of attempting to commit a crime for which there is no model instruction.

Most attempt crimes require specific intent. *See United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1192 (9th Cir. 2000) (en banc). The crime of attempted illegal reentry is a specific intent offense. *Gracidas-Ulibarry*, 231 F.3d at 1190.

*See* Instruction 7.9 (Specific Issue Unanimity).

CR 09-376 SI
UNITED STATES' PROPOSED
JURY INSTRUCTIONS