1  Martha Boersch (Cal. Bar No. 126569)
   Lara Kollios (Cal. Bar No. 235395)
2  JONES DAY
   555 California Street, 26th Floor
3  San Francisco, CA  94104-1500
   Telephone:    (415) 626-3939
4  Facsimile:    (415) 875-5700
   Email:        mboersch@jonesday.com
5                lkollios@jonesday.com

6  Attorneys for Defendant
   JUDY YEUNG aka MIU WAN YEUNG
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11 **UNITED STATES OF AMERICA,**          Case No. 09-376 SI

12           **Plaintiff,**               **DEFENDANT'S PROPOSED JURY
                                          INSTRUCTIONS**
13        **v.**
                                          Date:    December 21, 2009
14 **JUDY YEUNG aka MIU WAN YEUNG,**      Time:    3:30 P.M.
                                          Dept.:   Courtroom 10, 19th Floor
15           **Defendant.**               Judge:   Hon. Susan Illston

16

17

18        Judy Yeung requests that the Court read to the jury the following Ninth Circuit Model

19 Criminal Jury Instructions:  1.1, 1.2, 1.3, 1.4, 1.5, 1.6, 1.7, 1.8, 1.9, 1.10, 1.11, 1.13, 1.13A,  1.12,

20 2.7, 3.2, 3.1, 3.3, 3.4, 3.5, 3.6, 3.7, 3.8, 3.9, 3.11, 3.12, 4.8, 4.9, 4.17, 7.1, 7.2, 7.3, 7.4, 7.5, and

21 7.6.

22        In addition, the defense submits the proposed jury instructions set forth below.  Defendant

23 will supplement their requested instructions focused on Ms. Yeung's theory of defense at the

24 conclusion of trial.  Defendant also reserves the right to modify her proposed instructions or offer

25 additional instructions as may become relevant during the course of the trial or after counsel

26 completes review of the Government's discovery, some of which was produced as recently as two

27 days ago, and after counsel completes its investigation.

28

SFI-626165v1

1

COURT'S INSTRUCTION NO. __

2

DEFENSE PROPOSED INSTRUCTION NO. 1

3

(Number of Witnesses and Uncontradicted Testimony)

4

5      The fact that one party called more witnesses and introduced more evidence than the other

6    does not mean that you should necessarily find the facts in favor of the side offering the most

7    witnesses.  By the same token, you do not have to accept the testimony of any witness who has

8    not been directly contradicted or impeached, if you find the witness not to be credible.  You also

9    have to decide which witnesses to believe and which facts are true.  To do this you must look at

10    all the evidence, drawing upon your own common sense and personal experience.

11       You should keep in mind that the burden of proof is always on the Government.  Ms.

12    Yeung is not required to call any witnesses or offer any evidence because she is presumed to be

13    innocent.

14

15

16

17       Source:  1 Sand *et al*., Modern Federal Jury Instructions, Instruction No. 4-3 (2006)

18    [hereafter cited as "Sand"]; Sixth Circuit Pattern Criminal Jury Instruction 1.08; Seventh Circuit

19    Pattern Jury Instruction 1.09; Fifth Circuit Pattern Jury Instruction 1.08.

20

21

22

23

24

25

26

27

28

SFI-626165v1

- 2 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. __

DEFENSE PROPOSED INSTRUCTION NO. 2

(Credibility of Witnesses–Prior Inconsistent Statements)


The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he previously made statements which are different than or inconsistent with his testimony here in court.  The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial.  It is the job of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.



Source:  Adapted from 1A O'Malley *et al.*, Federal Jury Practice & Instructions § 15.06 (6th ed. 2008).  The phrase "adapted from" in these proposed instructions means that the proposed instruction modifies the model instruction on which it is based.

DEFENDANT'S PROPOSED JURY
INSTRUCTIONS
Case No. 09-376 SI

COURT'S INSTRUCTION NO. __

DEFENSE PROPOSED INSTRUCTION NO. 3

(Credibility of Witness – Drug Abuser)


You heard evidence that witnesses for the Government, Alex Yee and Richard Mesler, have abused controlled substances such as cocaine.  The testimony of a drug or alcohol abuser must be examined and weighed by the jury with greater care than the testimony of a witness who does not abuse drugs or alcohol.


Source:  Adapted from 1 Sand, Instruction No. 7-9.1; *United States v. Bernard*, 625 F.2d 854 (9th Cir. 1980).

SFI-626165v1

- 4 -

COURT'S INSTRUCTION NO. __

DEFENSE PROPOSED INSTRUCTION NO. 4

(Characteristics of Defendant Improper to Consider: Race, Religion, National Origin, Sex or Age)

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the national origin, race, gender, age, religion, or other such characteristics of Ms. Yeung.

Furthermore, it would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with what must be your fair and impartial decision-making process.

All persons who come before the court charged with a criminal offense are entitled to the presumption of innocence and the Government always has the burden of proof beyond a reasonable doubt.

To repeat, your verdict must be based exclusively upon the evidence or lack of evidence in this case.

Source:  Adapted from 1 Sand, Instruction No. 2-11; see also *Irwin v. Dowd*, 366 U.S. 717, 722 (1961); *United States v. Bell*, 506 F.2d 207, 225-26 (D.C. Cir. 1974).

SFI-626165v1

- 5 -

COURT'S INSTRUCTION NO. __

DEFENSE PROPOSED INSTRUCTION NO. 5

(Government as a Party)


You are to perform the duty of finding the facts in this case without bias or prejudice as to any party.  You are to perform your duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the prosecution to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether Government or individuals, stand as equals at the bar of justice.


Source:  Adapted from 1 Sand, Instruction No. 2-5.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. __

DEFENSE PROPOSED INSTRUCTION NO. 6

(Government Witness – Not Proper to Consider Guilty Plea)

You have heard testimony from Government witnesses Alex Yee and Richard Mesler, both of whom previously pled guilty to charges arising out of the same events for which Ms. Yeung is on trial.  This guilty plea is not evidence against the defendant, and you may consider it only in determining these witnesses' believability.

In evaluating these witnesses' testimony, you should consider the extent to which their testimony may have been influenced by this factor and you should also examine their testimony with greater caution than that of other witnesses. Scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can reduce his own sentence by helping to convict another, has a motive to falsify his testimony.

You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of Ms. Yeung from the fact that a prosecution witness pled guilty to similar charges.  Each witness' decision to plead guilty was a personal decision about his own guilt.  It may not be used by you as evidence against Ms. Yeung.  Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

Source:  Adapted from Ninth Circuit Model Criminal Jury Instruction 4.9; *U.S. v Rewald*, 889 F.2d 836, 865 (9th Cir. 1989); see also *United States v. Prawl*, 168 F.3d 622, 625-28 (2d Cir. 1999).

DEFENDANT'S PROPOSED JURY
INSTRUCTIONS
Case No. 09-376 SI

1     COURT'S INSTRUCTION NO. __

2     DEFENSE PROPOSED INSTRUCTION NO. 7

3     (Credibility of Witnesses – Accomplices)

4

5     You have heard witnesses who testified that they were actually involved in planning and

6  carrying out the crimes charged in the Superseding Indictment.

7     Accomplice testimony is of such nature that it must be scrutinized with great care and

8  viewed with particular caution when you decide how much of that testimony to believe.

9     You should ask yourselves whether these so-called accomplices would benefit more by

10 lying, or by telling the truth.  Was their testimony made up in any way because they believed or

11 hoped that they would somehow receive favorable treatment by testifying falsely?  Or did they

12 believe that their interest would be best served by testifying truthfully?  If you believe that the

13 witness was motivated by hopes of personal gain, was the motivation one which would cause him

14 to lie, or was it one which would cause him to tell the truth?  Did this motivation color his

15 testimony?

16

17

18

19     Source:  Adapted from Ninth Circuit Model Criminal Jury Instruction 4.9; see also *United*

20 *States v. Bernard*, 625 F.2d 854, 858 (9th Cir. 1980); *United States v. Prawl*, 168 F.3d 622, 628

21 (2d Cir. 1999); *United States v. Tirouda*, 394 F.3d 683, 687-88 (9th Cir. 2005) (instruction to

22 consider accomplice testimony with "greater caution" is appropriate regardless of whether the

23 accomplice's testimony favors the defense or prosecution).

24

25

26

27

28

SFI-626165v1

- 8 -

COURT'S INSTRUCTION NO. __

DEFENSE PROPOSED INSTRUCTION NO. 8

(Credibility of Witness – Immunity)

You have heard testimony from Kenneth Zhang, Andy Louie, Ken Ferrari, Lawrence Phung, and Dinh Lam, witnesses who received immunity.  These witnesses were promised by the Government that in exchange for testifying truthfully, completely, and fully, they would not be prosecuted for any crimes which they may have admitted either here in court or in interviews with the prosecutors.  This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the Government.

The testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness.  You should scrutinize this testimony closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he or she can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

Source:  Adapted Ninth Circuit Model Criminal Jury Instruction 4.9; 1 Sand, Instruction No. 7-9; see also *United States v. Prawl*, 168 F.3d 622, 628 (2d Cir. 1999).

DEFENDANT'S PROPOSED JURY
INSTRUCTIONS
Case No. 09-376 SI

COURT'S INSTRUCTION NO. __

DEFENSE PROPOSED INSTRUCTION NO. 9

(Mental Disorder Bearing on Guilt)

You heard testimony at trial from Dr. Lines that Judy Yeung has what is known as Histrionic Personality Disorder.

You may consider evidence of this abnormal mental condition in deciding whether the Government has proved beyond a reasonable doubt that Ms. Yeung acted with the required intent.

If you conclude that Ms. Yeung did not have the requisite intent beyond a reasonable doubt, then you must acquit her.

Source:  Adapted from Ninth Circuit Model Criminal Jury Instructions, 6.8; see also *U.S. v Martinez-Martinez*, 369 F.3d 1076, 1084 (9th Cir. 2004).

SFI-626165v1

- 10 -

1      COURT'S INSTRUCTION NO. __

2      DEFENSE PROPOSED INSTRUCTION NO. 10

3      (Defendant's Theory of the Case)

4

5      [To be proposed at the close of evidence]

6

7

8

9

10

11     Dated: December 17, 2009              Respectfully submitted,

12
                                             JONES DAY
13

14                                           By: /s/Martha A. Boersch
                                                 Martha A. Boersch
15
                                             Counsel for Defendant
16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S PROPOSED JURY
INSTRUCTIONS
Case No. 09-376 SI