IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JUDY YEUNG,<br>also known as "Miu Wan Yeung,"<br><br>    Defendant.<br>_____/ | No. CR 09-0376 SI<br><br>**FINAL PRETRIAL SCHEDULING ORDER** |

On December 21, 2009, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning January 11, 2010. All parties were represented by counsel. The following matters were resolved:

1. **Trial schedule**: The parties expect that the case will take 3-4 weeks to complete. The Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on Friday). The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at 12:00 p.m., and a 15 minute break at 2:00 p.m., all times approximate.

**2.** **Number of jurors and challenges**: There shall be a jury of twelve members, plus three alternate jurors. The government shall have six peremptory challenges, the defendant shall have ten peremptory challenges, and each side shall have two additional peremptory challenges for the alternates.

**3.** **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 30 minutes total to question the panel.

**4.** **Trial exhibits**: No later than January 8, 2010, the plaintiff shall submit its trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (copy for the court, the witness, and original for the file) and one set for the other side. The government agreed at the pretrial conference to produce a hard copy of as many exhibits as possible to defense counsel by December 30, 2009, and to continue production on a rolling basis.

**5.** **Motions in limine**:

**Defendant's motions**

Defendant's motion to exclude the use of the term "straw buyer" at trial is denied without prejudice to specific objections at trial.

Defendant's motion to exclude evidence regarding properties other than the three properties mentioned in the Superseding Indictment is denied, as the evidence may be admissible under one of the exceptions in FRE 404(b). The motion is denied without prejudice to specific objections at trial.

Defendant's motion to exclude evidence regarding American Educational Foundation International (AEFI) is granted for reasons of potential prejudice, jury confusion and waste of time, except to the extent of establishing witnesses' employment relationship with defendant and income.

**Government's motions**

The government's motion to preclude the defense from presenting evidence and argument suggesting the victim lenders were negligent or otherwise could have prevented the alleged fraudulent scheme is denied.

The government's motion to preclude presentation of evidence and argument suggesting the victim lenders were not actually deceived by defendant's alleged conduct is granted, as proof of actual deception or reliance is not required under the statute.

The government's motion to exclude the expert testimony of Dr. Lines based on defendant's failure to comply with Rule 16(b)(1)(C) obligations is denied.

The government's motion to permit introduction of evidence regarding the IRS investigation of defendant is denied due to the tendency of such evidence to mislead and confuse the jury. The government's immunity agreements with its witnesses will be redacted to omit reference to the IRS

investigation.

**6.   Other matters**: Defendant's motion for a bill of particulars is denied. Should questions as to the specific conduct underlying the witness tampering charges arise during trial, the parties and the Court will address them at that time.

Defendant's motion to compel production of FBI rough notes is granted as to any interviews that took place over more than one day.

Expert issues: Defendant is scheduled to be examined by the government's experts on December 28 and 30, 2009. The government stated that if its experts are unable to obtain office space in San Francisco, it will pay for defendant's transportation via car service to Santa Rosa for the examinations. The government shall instruct its experts not to question defendant about the offense conduct. The examinations shall be audio taped. The parties will conduct a simultaneous exchange of expert reports on January 5, 2010.

**IT IS SO ORDERED.**

Dated: December 22, 2009

SUSAN ILLSTON
United States District Judge