JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

JEFFREY RABKIN (CABN 189798)
Assistant United States Attorney

    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7167
    Facsimile: (415) 436-7234
    E-mail: jeffrey.rabkin@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>JUDY YEUNG,<br>  a/k/a "Miu Wan Yeung,"<br>    Defendant. | No.   CR 09-376 SI<br><br>**UNITED STATES' PROPOSED METHOD FOR INTRODUCTION OF TRANSCRIPTS AND RECORDED CONVERSATIONS AT TRIAL** |

## I.   INTRODUCTION

    The United States proposes that the following procedure be used to present evidence to the jury regarding consensually-recorded foreign-language conversations between defendant Judy Yeung and Kenneth Zhang, dated September 18, 2007 and October 18, 2007:

    (1) During the direct examination of Kenneth Zhang, the government will move to admit into evidence both the recordings of the conversations and the complete transcripts of those recordings;

    (2) The government will then ask to publish the complete transcripts of both recordings to the jury during Zhang's testimony once the transcripts and the recordings are admitted into evidence; the government will then play certain portions of the recording while the jury reads the corresponding passages of the transcript;

(3) The government asks that the jury be instructed that while both the transcripts and the recordings are evidence of the conversations, any Cantonese-speaking juror must accept the English translation as evidence of the content of the conversations;

(4) The government proposes that the transcripts be included with the evidence that is sent into the jury room for deliberations, and,

(5) The government proposes that the recordings not be sent into the jury room but upon the jury's request, the portions of the recordings that were played during trial be played in open court during deliberations.

As described in more detail below, the Ninth Circuit has approved of the government's proposed use of recordings and transcripts.

## II.   APPLICABLE LAW

Where there is no dispute as to accuracy, the Court has broad discretion regarding the use of recordings and transcripts. See United States v. Pena-Espinoza, 47 F.3d 356, 359 (9th Cir. 1995). Where foreign-language recordings are concerned, the Court may accept into evidence translations of the recordings, as well as the recordings themselves. Specifically, the Ninth Circuit has approved giving the jury copies of both the verbatim Spanish transcripts and the English translations of those transcriptions, and playing the Spanish-language tapes and reading the English transcriptions to the jury in open court. See United States v. Abonce-Barrera, 257 F.3d 959, 962 (9th Cir. 2001). In addition, the Ninth Circuit has approved admitting both the tapes and transcripts into evidence and playing the tapes for the jury while they simultaneously read the transcripts. See United States v. Fuentes-Montijo, 68 F.3d 352, 353 (9th Cir. 1995).

## III.   DISCUSSION

There are no disputes as to the of the accuracy transcripts. The parties have now stipulated as follows:

1.   Government Exhibit 600 is a true and accurate copy of an audio recording made on September 18, 2007.

2.   Government Exhibit 601 is a true and accurate transcription of the audio recording contained in Government Exhibit 600.

3.	Government Exhibit 602 is a true and accurate copy of an audio recording made on October 18, 2007.

4.	Government Exhibit 603 is a true and accurate transcription of the audio recording contained in Government Exhibit 602.

The government intends to offer in evidence Exhibits 600, 601, 602 and 603 during the direct examination of Kenneth Zhang. In addition, the government intends to offer Exhibits 601-1 through 601-17 and 603-1 through 603-21, which are selected portions from the September 18, 2007 and October 18, 2007 transcripts. These passages are direct evidence supporting the charges set forth in the Superseding Indictment. The government also intends to offer into evidence the parties' stipulations relating to these Exhibits.

As for publication of the admitted evidence, the government intends to proceed as follows. During Zhang's testimony, the government intends to publish to the jury binders containing the entire transcripts of both recordings (Exhibits 601 and 603) and selected passages of the transcripts (Exhibits 601-1 to 601-17 and 603-1 and 603-21). The defense has been provided with and has reviewed the selected passages in advance of trial. The government will play the portions of the recordings that correspond with those selected passages of the transcripts. The jury will hear the conversation in Cantonese and the corresponding part of the transcript will be displayed for them. The jury may also simultaneously read the corresponding passages in the transcripts.

///
///
///
///
///
///
///
///
///

## IV. **PROPOSED JURY INSTRUCTION**

The United States further requests that the jury be given the following instruction during the course of trial prior to the reading of the first transcript, as well as at the end of trial:

> English-language transcripts that are admitted as evidence are guides prepared for you so that you can understand the Cantonese language recordings about which there has been testimony during this trial. The transcripts will be provided to you for use in your deliberations along with the other evidence that has been or will be admitted during the course of this trial. Transcripts are like any other evidence. That is, you must consider all the evidence received in the case as a whole and not place undue emphasis on the transcripts.
>
> The original Cantonese recordings have also been admitted into evidence. Portions of those recordings will be played for you now, and these portions will be available for you to listen to during your deliberations.
>
> Although some of you may understand Cantonese, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning of the non-English words.

*See Franco*, 136 F.3d at 628; *Fuentes-Montijo*, 68 F.3d at 353-54.

## V. **CONCLUSION**

For the reasons set forth above, the United States respectfully requests that the Court employ the method suggested above for introduction of foreign language transcripts of the September 18, 2007 and October 18, 2007 recorded conversations at trial.

DATED: January 11, 2010          Respectfully submitted,

JOSEPH P. RUSSONIELLO  
United States Attorney

/s/
_____  
JEFFREY RABKIN  
Assistant United States Attorney