Martha Boersch (Cal. Bar No. 126569)
Lara Kollios (Cal. Bar. No. 235395)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104-1500
Telephone:     (415) 626-3939
Facsimile:     (415) 875-5700
Email:         mboersch@jonesday.com
Email:         lkollios@jonesday.com

Attorneys for Defendant
JUDY YEUNG aka MIU WAN YEUNG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUDY YEUNG, aka Miu Wan Yeung<br><br>Defendant. | **Case No. CR 09-376 SI**<br><br>**DEFENDANT JUDY YEUNG'S RESPONSE TO GOVERNMENT'S REQUEST FOR ORDER LIMITING DEFENDANT'S CROSS EXAMINATION OR ALTERNATIVELY FOR AN APPROPRIATE JURY INSTRUCTION** |

The Government again seeks to preclude Ms. Yeung from presenting arguments or evidence that concern (1) the gullibility, competence, or negligence of the lenders ("Lenders") implicated in the alleged fraudulent mortgage loan transactions, or (2) whether the Lenders relied on the alleged misstatements or were caused any harm as a result of the alleged misstatements. This issue was briefed pretrial, and the defense incorporates herein its arguments made at that time. *See* Defendant Judy Yeung's Response to Government Trial Brief, at 11-16, DKT # 68 (filed 11/18/09). In its clarification of the Final Pretrial Scheduling Order, this Court denied the Government's request to preclude such evidence or argument "without prejudice to specific objections at trial." *See* Clarification to Final Pretrial Scheduling Order, DKT # 114 (filed 12//28/09).  The Government has presented no new evidence or argument that suggests that this

ruling is erroneous or that would justify the new relief it seeks, and its request should be denied.

## I. THE GOVERNMENT CANNOT PRECLUDE EVIDENCE THAT GOES TO THE ELEMENTS OF THE CHARGED OFFENSES.

Whether the lenders actually knew the information on the loan applications was false is relevant to whether Ms. Yeung (or anyone else) intended to defraud the lenders, as well as to whether any of the allegedly false statements were material. *United States v. Benny*, 786 F.2d 1410, 1417 n.3 (9th Cir. 1986). The defendant is entitled to elicit evidence on cross-examination that is relevant to an element of the offense that the Government must prove at trial. *See Chambers v. Mississippi*, 410 U.S. 284, 294 (1973) ("an opportunity to be heard in his defense—a right to his day in court—are basic in our system of jurisprudence") (citations and quotations omitted); *Davis v. Alaska*, 415 U.S. 308, 315 (1974) ("'our cases construing the [confrontation] clause hold that a primary interest secured by it is the right of cross-examination.'") (quoting *Douglas v. Alabama*, 380 U.S. 415, 418 (1965)); *United States v. Lo*, 231 F.3d 471, 482 (9th Cir. 2000) ("The Supreme Court has emphasized the policy favoring expansive witness cross-examination in criminal trials.").

Furthermore, the evidence the Government seeks to preclude is relevant to the credibility of the lenders. *See United States v. Adamson*, 291 F.3d 606, 613-14 (9th Cir. 2002) (conviction reversed where limitation on scope of defense's cross-examination precluded defendant from attacking witness's credibility and denied jury access to information it needed to assess witness's biases and motivations). For instance, if the evidence shows that the information in the loan file was insufficient to justify the loan — based on the lenders own underwriting guidelines — and those lenders testify that they relied on that information, the jury is entitled to evaluate that evidence to assess the credibility of the lenders testimony.

The Government provides the Court with no new legal authority that would justify the preclusion or instruction it seeks. The Government again relies upon *United States v. Ciccone*, 219 F.3d 1078, 1083 (9th Cir. 2000) and *Lemon v. United States*, 278 F.2d 369 (9th Cir. 1960) to argue that negligence on the part of the lenders is no defense. Neither case supports preclusion of cross-examination that bears on an element of the Government's case, as the defense pointed out

previously. The defense also disputes that either case stands for the proposition that the negligence of the lenders is never a defense, and incorporates herein its previous distinction of those cases. Resolution of this legal dispute must be determined during the final jury instruction conference.

The Government also again relies on *United States v. Coffman*, 94 F.3d 330 (7th Cir. 1996) and *United States v. Thomas*, 377 F.3d 232 (2d Cir. 2004), but provides the Court with no new rationale to support the relief it seeks. Neither of those cases supports the preclusion of cross-examination that relates to elements of the Government's case at trial. In *Thomas*, for instance, the Second Circuit simply held that it was not an abuse of discretion to restrict the cross-examination "because the Court gave Thomas's counsel the chance to explain the legal relevance of the line of questioning and counsel demurred." 377 F.3d at 241. Here, the line of questioning the Government seeks to preclude is highly relevant to two elements of the Government's case— the defendant's intent to defraud and the materiality of the allegedly false statements—as well as to the credibility of the underwriter witnesses. In *Coffman*, the Court simply held that the lack of diligence on the part of the victim was not a defense on the facts presented there and, moreover, that the defense in that case was not a defense of immateriality. 94 F.3d at 335. Thus, that Court did not hold that where, as here, the defense argues that the statements were immaterial, it can be precluded from cross-examining the witnesses on that element.

## II.  A MID-TRIAL INSTRUCTIONS IS UNWARRANTED.

It is the defendant's position that many of the false statements on the loan applications were immaterial to the lenders and that — even if the defendant could be charged with the lies and misrepresentations made by the Government's witnesses — she lacked any intent to defraud because the lenders actually knew and did not care about those falsities. The defendant is entitled to present her defense through circumstantial evidence, including cross-examination of Government witnesses. The Government may argue to the jury that the evidence shows no more than negligence on the part of the lenders. The defense may argue that it shows actual knowledge. It is the jury's duty to resolve that factual dispute. The Government may argue that, as a legal matter, negligence on the part of the lenders is no defense. The defense may argue that the

lenders lack of interest in the falsities demonstrates that, as a legal matter, there was no scheme to defraud. That legal issue should be resolved by the Court at the jury instruction conference and the instruction the Government proposes should be given, if at all, with the other instruction at the end of the case, along with the Defendant's proposed instruction.

In sum, the Government has presented nothing to justify preclusion of cross-examination or a mid-trial instruction. If the Court is inclined to give an instruction mid-trial, the defense asks that the Court also give the following proposed instruction, which is based on *Benny*, 786 F.2d at 1417 n.3:

> The defendant is charged with acting with intent to defraud. To prove that charge in this case the Government must prove beyond a reasonable doubt that the defendant knowingly did an act with intent to deceive the lenders in order to obtain loans that the lenders otherwise would not have made at all or loans larger in amount than the lenders otherwise would have made. Thus, you must determine whether the defendant intended to deceive or mislead the lenders about material facts.
>
> However, the evidence in the case need not establish that any lender was actually defrauded, but only that the accused acted with intent to defraud, as defined above.
>
> There can be no intent to deceive where it is known by the person making the representations that the lender who will be receiving the representations already knows they are false representations.

In *Benny*, the Ninth Circuit declined to review an instruction that read:

> Now, what is meant by intent to defraud? The defendant is charged with acting with intent to defraud. To prove that charge in this case the Government must prove beyond a reasonable doubt that the defendant knowingly did an act with intent to deceive the lenders in order to obtain or maintain loans that the lenders otherwise would not have made at all or loans larger in amount than the lenders otherwise would have made. Thus, you must determine whether the defendant intended to deceive or mislead the lenders about material facts.
>
> However, the evidence in the case need not establish that any lender was actually defrauded, but only that the accused acted with intent to defraud, as defined above.
>
> There can be no intent to deceive where it is known by the person making the representations that the lender who will be receiving the representations already knows they are false representations.
> Some of the lenders involved here were corporations, and others of the lenders were individuals. Thus, in the case of a corporate lender, if the defendant disclosed the material facts to an agent or

representative of the corporation, there was no intent to deceive that corporation, unless the defendant intended to deceive another agent or representative of the corporation in order to obtain or maintain a loan by the corporation.

In the case of an individual lender, if the defendant disclosed the material facts to an agent or representative of the individual lender then there was no intent to defraud that individual, unless the defendant intended to deceive another agent or representative of the lender or the lender himself or herself in order to obtain or maintain a loan by the lender.

### III. CONCLUSION.

For the foregoing reasons, the Court should deny the Government's request to preclude cross-examination or to give a mid-trial instruction. If any instruction is given mid-trial, the defense requests that it's proposed instruction also be given.

Dated: January 25, 2010                           Jones Day


                                                  By: ___/s/ Martha Boersch___
                                                       Martha Boersch

                                                  Attorney for Defendant