Martha Boersch (Cal. Bar No. 126569)
Lara Kollios (Cal. Bar. No. 235395)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104-1500
Telephone:     (415) 626-3939
Facsimile:     (415) 875-5700
Email:         mboersch@jonesday.com
Email:         lkollios@jonesday.com

Attorneys for Defendant
JUDY YEUNG aka MIU WAN YEUNG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>JUDY YEUNG, aka Miu Wan Yeung<br><br>                    Defendant. | Case No. CR 09-376 SI<br><br>**DEFENDANT JUDY YEUNG'S REQUEST FOR JURY INSTRUCTIONS** |

The defense requests that the following jury instructions be given at the conclusion of trial.  These instructions include those submitted by the defense on December 17, 2009 as well as additional instructions based on the evidence.  The defense also reiterates its request for Ninth Circuit Model Criminal Jury Instructions 1, 1.2, 1.3, 1.4, 1.5, 1.6, 1.7, 1.8, 1.9, 1.10, 1.11, 1.13, 1.13A, 1.12, 2.7, 3.2, 3.1, 3.3, 3.4, 3.5, 3.6, 3.7, 3.8, 3.9, 3.11, 3.12, 4.8, 4.9, 4.17, 7.1, 7.2, 7.3, 7.4, 7.5, and 7.6.

1

COURT'S INSTRUCTION NO. __

2

DEFENSE PROPOSED INSTRUCTION NO. 1

3

(Number of Witnesses and Uncontradicted Testimony)

4

5       The fact that one party called more witnesses and introduced more evidence than the other

6   does not mean that you should necessarily find the facts in favor of the side offering the most

7   witnesses.  By the same token, you do not have to accept the testimony of any witness who has

8   not been directly contradicted or impeached, if you find the witness not to be credible.  You also

9   have to decide which witnesses to believe and which facts are true.  To do this you must look at

10  all the evidence, drawing upon your own common sense and personal experience.

11      You should keep in mind that the burden of proof is always on the Government.  Ms.

12  Yeung is not required to call any witnesses or offer any evidence because she is presumed to be

13  innocent.

14

15

16

17      Source:  1 Sand *et al.*, Modern Federal Jury Instructions, Instruction No. 4-3 (2006)

18  [hereafter cited as "Sand"]; Sixth Circuit Pattern Criminal Jury Instruction 1.08; Seventh Circuit

19  Pattern Jury Instruction 1.09; Fifth Circuit Pattern Jury Instruction 1.08.

20

21

22

23

24

25

26

27

28

SFI-628848v1

DEFENDANT'S REQUEST FOR
JURY INSTRUCTIONS
CASE NO. CR 09-376 SI

1

COURT'S INSTRUCTION NO. __

2

DEFENSE PROPOSED INSTRUCTION NO. 2

3

(Credibility of Witnesses–Prior Inconsistent Statements)

4

5

     The testimony of a witness may be discredited or, as we sometimes say, impeached, by

6

showing that he previously made statements which are different than or inconsistent with his

7

testimony here in court.  The earlier inconsistent or contradictory statements are admissible only

8

to discredit or impeach the credibility of the witness and not to establish the truth of these earlier

9

statements made somewhere other than here during this trial.  It is the job of the jury to determine

10

the credibility of a witness who has made prior inconsistent or contradictory statements.

11

12

13

14

     Source:  Adapted from 1A O'Malley *et al.*, Fed. Jury Practice & Instructions § 15.06 (6th

15

ed. 2008) [hereafter cited as "O'Malley"].  The phrase "adapted from" in these proposed

16

instructions means that the proposed instruction modifies the model instruction on which it is

17

based.

18

19

20

21

22

23

24

25

26

27

28

SFI-628848v1

3

DEFENDANT'S REQUEST FOR
JURY INSTRUCTIONS
CASE NO. CR 09-376 SI

1

COURT'S INSTRUCTION NO. __

2

DEFENSE PROPOSED INSTRUCTION NO. 3

3

(Credibility of Witness – Drug Abuser)

4

5      You heard evidence that Alex Yee and his coconspirators abused controlled substances

6  such as cocaine during the times at issue in this case.  The testimony of a drug or alcohol abuser

7  must be examined and weighed by the jury with greater care than the testimony of a witness who

8  does not abuse drugs or alcohol.

9

10

11

12      Source:  Adapted from 1A O'Malley § 15.05.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. __

DEFENSE PROPOSED INSTRUCTION NO. 4

(Characteristics of Defendant Improper to Consider: Race, Religion, National Origin, Sex or Age)

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the national origin, race, gender, age, religion, or other such characteristics of Ms. Yeung.

Furthermore, it would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with what must be your fair and impartial decision-making process.

All persons who come before the court charged with a criminal offense are entitled to the presumption of innocence and the Government always has the burden of proof beyond a reasonable doubt.

To repeat, your verdict must be based exclusively upon the evidence or lack of evidence in this case.

Source:  Adapted from 1 Sand, Instruction No. 2-11.

SFI-628848v1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. __

DEFENSE PROPOSED INSTRUCTION NO. 5

(Government as a Party)


You are to perform the duty of finding the facts in this case without bias or prejudice as to any party.  You are to perform your duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the prosecution to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether Government or individuals, stand as equals at the bar of justice.



Source:  Adapted from 1 Sand, Instruction No. 2-5.

SFI-628848v1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. __

DEFENSE PROPOSED INSTRUCTION NO. 6

(Government Witness – Not Proper to Consider Guilty Plea)


You have heard testimony from Government witness Alex Yee, who previously pled guilty to charges arising out of the same events for which Ms. Yeung is on trial.  This guilty plea is not evidence against Ms. Yeung, and you may consider it only in determining this witness's believability.

In evaluating Mr. Yee's testimony, you should consider the extent to which his testimony may have been influenced by this factor and you should also examine his testimony with greater caution than that of other witnesses.  Scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon Ms. Yeung in order to further the witness' own interests; for, such a witness, confronted with the realization that he can reduce his own sentence by helping to convict another, has a motive to falsify his testimony.

You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of Ms. Yeung from the fact that Mr. Yee pled guilty to similar charges.  Each witness' decision to plead guilty was a personal decision about his own guilt.  It may not be used by you as evidence against Ms. Yeung.  Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

Source:  Adapted from *United States v. Prawl*, 168 F.3d 622, 625-28 (2d Cir. 1999); Ninth Circuit Model Criminal Jury Instruction 4.9.

SFI-628848v1

DEFENDANT'S REQUEST FOR
JURY INSTRUCTIONS
CASE NO. CR 09-376 SI

COURT'S INSTRUCTION NO. __

DEFENSE PROPOSED INSTRUCTION NO. 7

(Credibility of Witnesses – Accomplices)

You have heard witnesses who testified that they were actually involved in planning and carrying out the crimes charged in the Superseding Indictment.

Accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

You should ask yourselves whether these so-called accomplices would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interest would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth? Did this motivation color his testimony?

Source: Adapted from *United States v. Prawl*, 168 F.3d 622, 628 (2d Cir. 1999). The instruction to consider accomplice testimony with "greater caution" is appropriate regardless of whether the accomplice's testimony favors the defense or prosecution. *United States v. Tirouda*, 394 F.3d 683, 687-88 (9th Cir. 2005).

SFI-628848v1

DEFENDANT'S REQUEST FOR
JURY INSTRUCTIONS
CASE NO. CR 09-376 SI

COURT'S INSTRUCTION NO. __

DEFENSE PROPOSED INSTRUCTION NO. 8

(Credibility of Witness – Immunity)


You have heard testimony from Kenneth Zhang, Andy Louie, Ken Ferrari, and Lawrence Phung, witnesses who received immunity from the Government for the crimes they committed. These witnesses were promised by the Government that in exchange for testifying truthfully, completely, and fully, they would not be prosecuted for any crimes which they may have admitted either here in court or in interviews with the prosecutors.  This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the Government.

The testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness.  You should scrutinize this testimony closely to determine whether or not it is colored in such a way as to place guilt upon Ms. Yeung in order to further the witness' own interests; for, such a witness, confronted with the realization that he or she can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.


Source:  Adapted from *United States v. Prawl*, 168 F.3d 622, 628 (2d Cir. 1999); 1 Sand, Instruction No. 7-9;  Ninth Circuit Model Criminal Jury Instructions, 4.9.

SFI-628848v1

DEFENDANT'S REQUEST FOR
JURY INSTRUCTIONS
CASE NO. CR 09-376 SI

1

2

COURT'S INSTRUCTION NO. __

3

DEFENSE PROPOSED INSTRUCTION NO. 9

4

(Summary or chart in evidence)

5

6

Certain charts and summaries have been received into evidence.  Charts and summaries

7

are only as good as the underlying supporting material.  You should, therefore, give them only

8

such weight as you think the underlying material deserves.

9

10

11

12

Source:  Ninth Circuit Model Criminal Jury Instructions, 4.19

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

DEFENDANT'S REQUEST FOR
JURY INSTRUCTIONS
CASE NO. CR 09-376 SI

COURT'S INSTRUCTION NO. __

DEFENSE PROPOSED INSTRUCTION NO. 10

(Conspiracy – Elements)

In order for Ms. Yeung to be found guilty of Count 1, which charges her with violation of section 1349, the Government must prove both of the following elements beyond a reasonable doubt:

First, beginning on an unknown date, but as early as December 2004, and ending on or about January 2007, there was an agreement between two or more persons to commit wire fraud and;

Second, that Ms. Yeung willingly became a member of the conspiracy, knowing of at least one of its objects and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.  The crime of conspiracy to violate a federal law is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, indeed, you may find Ms. Yeung guilty of the crime of conspiracy, even though you find Ms. Yeung innocent of the crime which was the object of the conspiracy.

It is not enough that the conspirators simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the Superseding Indictment as an object of the conspiracy, with all of you agreeing as to the particular crime which the conspirators agreed to commit. For a conspiracy to have existed, however, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.

One becomes a member of a conspiracy by willfully participating in the unlawful plan

SFI-628848v1

1    with the intent to advance or further some object or purpose of the conspiracy, even though the

2    person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who

3    willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand,

4    one who has no knowledge of a conspiracy, but happens to act in a way which furthers some

5    object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person

6    does not become a conspirator merely by associating with one or more persons who are

7    conspirators, nor merely by knowing that a conspiracy exists.

8           It is proof of this willful participation and deliberate agreement by the alleged members

9    that should be central to your consideration of the charge of conspiracy.

10

11          Unless the Government proves beyond a reasonable doubt that a conspiracy, as just

12   explained, actually existed, then you must acquit Ms. Yeung of this charge.

13

14

15

16          Source: Adapted from Ninth Circuit Model Jury Instructions, 6.8; 1 Sand, Instruction No.

17   19-2.

18

19

20

21

22

23

24

25

26

27

28

SFI-628848v1

DEFENDANT'S REQUEST FOR
JURY INSTRUCTIONS
CASE NO. CR 09-376 SI

1    COURT'S INSTRUCTION NO. __

2    DEFENSE PROPOSED INSTRUCTION NO. 11

3    (Conspiracy – Offense at Issue is Conspiracy to Violate Section 1343)

4

5    In order for Ms. Yeung to be found guilty of conspiracy, you must find that she conspired

6    to commit a specific underlying crime.  In other words, you must find that Ms. Yeung conspired

7    to commit wire fraud in violation of Section 1343.

8    In order for Ms. Yeung to have conspired to commit this crime, she must have agreed to

9    engage in conduct that, had it occurred, would have constituted a substantive violation of Section

10   1343.

11   Therefore, the Government must prove beyond a reasonable doubt:

12   That Ms. Yeung and at least one other person agreed to engage in the following conduct:

13   a)  to devise a scheme or plan for obtaining money or property by making false promises

14   or statements, with all of you, the members of the jury, agreeing on at least one particular false

15   promise or statement that was made.

16   b)  to knowingly make promises or statements that were false or fraudulent and that had a

17   natural tendency to influence, or were capable of influencing, a person to part with money or

18   property.

19   c)  to make false or fraudulent statements with the intent to defraud; and

20   d)  to use or cause to be used, an interstate wire to carry out or attempt to carry out an

21   essential part of the plan.

22

23

24

25   Source:  18 U.S.C. § 1349 ("Any person who…conspires to commit any offense under

26   this chapter shall be subject to the same penalties as those prescribed for the offense, *the*

27   *commission of which was the object of the attempt or conspiracy*.") (emphasis added).

28

SFI-628848v1

13

DEFENDANT'S REQUEST FOR
JURY INSTRUCTIONS
CASE NO. CR 09-376 SI

COURT'S INSTRUCTION NO. __

DEFENSE PROPOSED INSTRUCTION NO. 12

(Wire Fraud – Elements)

In order for Ms. Yeung to be found guilty of Counts 2 through 9, which charge a violation of Section 1343, the Government must prove each of the following elements beyond a reasonable doubt:

First, that Ms. Yeung devised a scheme or plan for obtaining money or property by making false promises or statements, with all of you agreeing on at least one particular false promise or statement that was made;

Second, that Ms. Yeung knew that the promises or statements were false or fraudulent;

Third, the promises or statements were material;

Fourth, that Ms. Yeung acted with the specific intent to defraud; and

Fifth, that Ms. Yeung used, or caused to be used, an interstate wire to carry out, or attempt to carry out, an essential part of the plan.

Source: Adapted from Ninth Circuit Model Criminal Jury Instructions, 8.101, 8.103; *United States v. Stapleton*, 293 F.3d 1111, 1114 (9th Cir. 2002); 2 Sand, Instruction No. 44-3.

SFI-628848v1

DEFENDANT'S REQUEST FOR
JURY INSTRUCTIONS
CASE NO. CR 09-376 SI

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. __

DEFENSE PROPOSED INSTRUCTION NO. 13

(Co-Schemer Liability)


There has been evidence received during this trial that actions were taken by individuals other than Ms. Yeung in furtherance of the alleged scheme to defraud.  In order for Ms. Yeung to be found guilty of an offense based on acts committed by a co-schemer, the offense committed by the co-schemer must be one that could reasonably be foreseen as a necessary and natural consequence of the scheme to defraud.

You must determine whether an action of a co-schemer was "reasonably foreseeable" by evaluating the facts that you believe were known to Ms. Yeung at the time of the alleged scheme.

Source:  Adapted from *United States v. Green*, 2010 WL 200280, 11 (9th Cir. January 22, 2010) (participant in scheme to defraud is liable for acts of wire fraud committed by co-schemers "provided those acts took place 'during the life of the scheme and…were reasonably foreseeable as a necessary and natural consequence of the fraudulent scheme.'") (quoting *United States v. Stapleton*, 293 F.3d 1111, 1118-19 (9th Cir. 2002)).  The Ninth Circuit in *Green* also stated that "[w]e agree with Green that foreseeability must be evaluated according to the facts that were known to the defendant."

SFI-628848v1

DEFENDANT'S REQUEST FOR
JURY INSTRUCTIONS
CASE NO. CR 09-376 SI

1

COURT'S INSTRUCTION NO. __

2

DEFENSE PROPOSED INSTRUCTION NO. 14

3

(Second Element of Wire Fraud – Materiality)

4

    The Government alleges that Ms. Yeung made false or fraudulent statements or

5

representations to lenders.  If you find that a statement or representation was false or fraudulent,

6

you must also find that it was material.  A statement or representation is material if it had a

7

natural tendency to influence, or was capable of influencing, the lenders to part with money or

8

property.  If you find that the lenders actually knew that the statements or representations were

9

false or fraudulent and nevertheless approved the loan, then you must find that the statements or

10

representations were not material to the lenders.

11

12

13

14

    Source:  Adapted from Ninth Circuit Model Criminal Jury Instructions, 8.101, 8.103;

15

*United States v. Benny*, 786 F.2d 1410, 1417 n.3 (9th Cir. 1986).

16

17

18

19

20

21

22

23

24

25

26

27

28

SFI-628848v1

DEFENDANT'S REQUEST FOR
JURY INSTRUCTIONS
CASE NO. CR 09-376 SI

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. __

DEFENSE PROPOSED INSTRUCTION NO. 15

(Fourth Element of Wire Fraud – Participation in Plan with Intent to Defraud)

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.

The question of whether a person acted with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves determining Ms. Yeung's state of mind during the time of the alleged crime.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of wire fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the Government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

As a practical matter, then, in order to sustain the charges against Ms. Yeung, the Government must establish beyond a reasonable doubt that she knew that her conduct as a participant in the scheme was calculated to deceive and, nonetheless, she associated herself with the alleged fraudulent scheme for the purpose of causing some loss to another.

To conclude on this element, if you find that Ms. Yeung was not a knowing participant in the scheme or that she lacked the specific intent to defraud, you should acquit her. On the other hand, if you find that the Government has established beyond a reasonable doubt not only the first element, namely the existence of the scheme to defraud, but also this second element, that Ms. Yeung was a knowing participant and acted with specific intent to defraud, and if the Government also establishes the fifth element, as to which I will shortly instruct you, then you have a sufficient basis upon which to convict Ms. Yeung.

Source: Adapted from 2 Sand, Instruction No. 44-5.

SFI-628848v1

DEFENDANT'S REQUEST FOR
JURY INSTRUCTIONS
CASE NO. CR 09-376 SI

1

COURT'S INSTRUCTION NO. __

2

DEFENSE PROPOSED INSTRUCTION NO. 16

3

(No Intent to Defraud if Defendant Knew That Lender Knew About Misrepresentation)

4

5       Ms. Yeung is charged with acting with intent to defraud. To prove that charge in this case

6   the Government must prove beyond a reasonable doubt that Ms. Yeung knowingly did an act with

7   intent to deceive the lenders in order to obtain loans that the lenders otherwise would not have

8   made at all or loans larger in amount than the lenders otherwise would have made. Thus, you

9   must determine whether Ms. Yeung intended to deceive or mislead the lenders about material

10  facts.

11      However, the evidence in the case need not establish that any lender was actually

12  defrauded, but only that the accused acted with intent to defraud, as defined above.

13      There can be no intent to deceive where it is known by the person making the

14  representations that the lender who will be receiving the representations already knows they are

15  false representations.

16

17

18

19      Source:  *United States v. Benny*, 786 F.2d 1410, 1417 n.2 (9th Cir. 1986).

20

21

22

23

24

25

26

27

28

SFI-628848v1

DEFENDANT'S REQUEST FOR
JURY INSTRUCTIONS
CASE NO. CR 09-376 SI

1

COURT'S INSTRUCTION NO. __

2

DEFENSE PROPOSED INSTRUCTION NO. 17

3

(Deliberate Ignorance Equates to Knowledge on the Part of the Lenders)

4

You may find that a lender in this case had knowledge of misrepresentations contained in

5

loan applications submitted to them if you find by a preponderance of the evidence that the lender:

6

1)  was aware of a high probability that information contained in the loan application was

7

false; and

8

2)  deliberately avoided learning the truth.

9

10

"Preponderance of the evidence" means that you are persuaded that the fact in question is

11

more probably true than not true.

12

13

14

15

Source:  Adapted from Ninth Circuit Model Jury Criminal Instructions, 5.7; 6.6.

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S REQUEST FOR
JURY INSTRUCTIONS
CASE NO. CR 09-376 SI

1

COURT'S INSTRUCTION NO. __

2

DEFENSE PROPOSED INSTRUCTION NO. 18

3

(Wire Fraud Fifth Element – Use of the Wires)

4

5      The fifth and final element that the Government must establish beyond a reasonable doubt

6   is the use of an interstate wire communication in furtherance of the scheme to defraud.

7      The wire communication must pass between two or more states as, for example, a

8   telephone call between California and New York.  A wire communication also includes a wire

9   transfer of funds between banks in different states.

10     The use of the wires need not itself be a fraudulent representation.  It must, however,

11   further or assist in the carrying out of the scheme to defraud.

12     In this regard, it is sufficient to establish this element of the crime if the evidence justifies

13   a finding that Ms. Yeung caused the wires to be used by others.  This does not mean that Ms.

14   Yeung must specifically have authorized others to transfer the funds.  When one does an act with

15   knowledge that the use of the wires will follow in the ordinary course of business or where such

16   use of the wires can reasonably be foreseen, then he causes the wires to be used.

17     With respect to the use of wires, the Government must established beyond a reasonable

18   doubt the particular use charged in the Superseding Indictment.

19

20

21

22     Source:  Adapted from 2 Sand, Instruction No. 44-7.

23

24

25

26

27

28

SFI-628848v1

DEFENDANT'S REQUEST FOR
JURY INSTRUCTIONS
CASE NO. CR 09-376 SI

COURT'S INSTRUCTION NO. __

DEFENSE PROPOSED INSTRUCTION NO. 19

(Tampering with a Witness – Count 10)

In order for Ms. Yeung to be found guilty of Count 10, which charges a violation of Section 1512(b)(3), the Government must prove each of the following four elements beyond a reasonable doubt:

First, that on or about May 9, 2007, Ms. Yeung knowingly used intimidation and threats and corruptly persuaded Andy Louie, or attempted to do so;

Second, that Ms. Yeung acted knowingly and with intent to hinder, delay or prevent Andy Louie from communicating to law enforcement authorities information relating to the commission or possible commission of the alleged wire fraud conspiracy;

Third, that the offense was a federal offense; and

Fourth, that Ms. Yeung believed that Andy Louie might communicate with law enforcement authorities.

Source: 18 U.S.C. § 1512 (b)(3); *United States v. Guadalupe*, 402 F.3d 409, 412 (3d Cir. 2005); 2 Sand, Instruction No. 46-30.

SFI-628848v1

DEFENDANT'S REQUEST FOR
JURY INSTRUCTIONS
CASE NO. CR 09-376 SI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COURT'S INSTRUCTION NO. __

DEFENSE PROPOSED INSTRUCTION NO. 20

(Tampering with a Witness – Count 11)

In order for Ms. Yeung to be found guilty of Count 11 which charges a violation of Section 1512(b)(3), the Government must prove all of the following four elements beyond a reasonable doubt:

First, that on or about September 18, 2007, Ms. Yeung knowingly used intimidation and threats and corruptly persuaded Kenneth Zhang, or attempted to do so;

Second, that Ms. Yeung acted knowingly and with intent to hinder, delay or prevent Kenneth Zhang from communicating to law enforcement authorities information relating to the commission or possible commission of the alleged wire fraud conspiracy;

Third, that the offense was a federal offense; and

Fourth, that Ms. Yeung believed that Kennth Zhang might communicate with law enforcement authorities.

Source:  18 U.S.C. § 1512 (b)(3); *United States v. Guadalupe*, 402 F.3d 409, 412 (3d Cir. 2005); 2 Sand, Instruction No. 46-30.

SFI-628848v1

1    COURT'S INSTRUCTION NO. __

2    DEFENSE PROPOSED INSTRUCTION NO. 21

3    (Tampering with a Witness – Count 12)

4

5          In order for Ms. Yeung to be found guilty of Count 12 which charges a violation of

6    Section 1512(b)(3), the Government must prove all of the following four elements beyond a

7    reasonable doubt:

8

9          First, that on or about October 18, 2007, Ms. Yeung knowingly used intimidation and

10   threats and corruptly persuaded Kenneth Zhang, or attempted to do so;

11

12         Second, that Ms. Yeung acted knowingly and with intent to hinder, delay or prevent

13   Kenneth Zhang from communicating to law enforcement authorities information relating to the

14   commission or possible commission of the alleged wire fraud conspiracy;

15

16         Third, that the offense was a federal offense; and

17

18         Fourth, that Ms. Yeung believed that Kenneth Zhang might communicate with law

19   enforcement authorities.

20

21

22

23         Source:  18 U.S.C. § 1512 (b)(3); *United States v. Guadalupe*, 402 F.3d 409, 412 (3d Cir.

24   2005); 2 Sand, Instruction No. 46-30.

25

26

27

28

SFI-628848v1

23

DEFENDANT'S REQUEST FOR
JURY INSTRUCTIONS
CASE NO. CR 09-376 SI

1

COURT'S INSTRUCTION NO. __

2

DEFENSE PROPOSED INSTRUCTION NO. 22

3

(Tampering with a Witness – Meaning of "Corrupt Persuasion")

4

5    To "corruptly persuade" means to act knowingly with a wrongful, immoral or evil purpose

6    to convince or induce another person to engage in certain conduct.  Only persons conscious of

7    wrongdoing can be said to knowingly corruptly persuade.

8    Additionally, this requires more on the part of Ms. Yeung than simply attempting to

9    discourage a witness from disclosing information to the Government in order to hinder an

10   investigation.  For example, it is not corrupt persuasion for a defendant to tell a witness that "they

11   can't prove anything if you don't admit it."  In other words, to be guilty under this section, a

12   defendant must actively persuade another to provide false information in order to hinder and

13   prevent a Government investigation.

14   If you find that the Government has not shown that Ms. Yeung "corruptly persuaded"

15   either Andy Louie or Kenneth Zhang in this manner beyond a reasonable doubt, then you must

16   find her not guilty on these charges

17

18

19

20   Source:   *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005) ("Only

21   persons conscious of wrongdoing can be said to knowingly corruptly persuade." (internal

22   quotation omitted).  *United States v. Makham*, 2005 W.L. 3533263, at *7 (D. Or. Dec. 23, 2005)

23   ("more culpability is required for a statutory violation [under § 1512(b)] than that involved in the

24   act of attempting to discourage disclosure in order to hinder an investigation." (citing *United*

25   *States v. Davis*, 183 F.3d 231, 249-50 (3d Cir. 1999) *as amended by* 197 F.3d 662 (3d Cir. 1999)

26   and *United States v. Farrell*, 126 F.3d 484, 488 (3d Cir. 1997)).

27

28

SFI-628848v1

DEFENDANT'S REQUEST FOR
JURY INSTRUCTIONS
CASE NO. CR 09-376 SI

1

2                           COURT'S INSTRUCTION NO. __

3                     DEFENSE PROPOSED INSTRUCTION NO. 23

4                    (Tampering with a Witness – Juror Unanimity)

5

6          The verdict must represent the considered judgment of each juror. In order to return a

7   verdict, each juror must agree to the verdict. Your verdict must be unanimous.

8          The Superseding Indictment alleges in three counts that Ms. Yeung used intimidation,

9   threatened and corruptly persuaded Kenneth Zhang and Andy Louie with the intent to hinder,

10  delay, and prevent the communication of information relating to the alleged wire fraud conspiracy,

11  to an officer of the United States. In order to return a guilty verdict on any particular count, all

12  jurors must unanimously agree on at least one specific act of intimidation, threats or corrupt

13  persuasion as alleged in the count you are considering. It is not enough, for example, that six of

14  you agree that one act violates Section 1512 (b)(3) and six of you agree that a different act

15  violates Section 1512 (b)(3). You must all agree unanimously that the Government has proved

16  that a particular act of Ms. Yeung of intimidation, threat, or corrupt persuasion constitutes a

17  violation of Section 1512(b)(3) beyond a reasonable doubt.

18

19

20

21         Source: Adapted from Ninth Circuit Model Criminal Jury Instructions, 7.9; *see United*

22  *States v. Klat*, 156 F.3d 1258, 1266 (D.C. Cir. 1998) ("we have previously urged trial courts to

23  employ a special unanimity instruction when an indictment charges more than one act."); *United*

24  *States v. Hubbard*, 889 F.2d 277, 279 (D.C. Cir. 1989).

25

26

27

28

SFI-628848v1

DEFENDANT'S REQUEST FOR
JURY INSTRUCTIONS
CASE NO. CR 09-376 SI

COURT'S INSTRUCTION NO. __

DEFENSE PROPOSED INSTRUCTION NO. 24

(Missing Witness Not Equally Available to the Defendant)

You have heard evidence about witnesses who have not been called to testify.

If you find that an uncalled witness could have been called by the Government and would have given important new testimony, and that the Government was in the best position to call him or her, but failed to do so, you are permitted, but you are not required, to infer that the testimony of the uncalled witness would have been unfavorable to the Government.

In deciding whether to draw an inference that the uncalled witness would have testified unfavorably to the Government, you may consider whether the witness' testimony would have merely repeated other testimony and evidence already before you.

Source: Ninth Circuit Model Criminal Jury Instruction 4.16; 1 Sand, Instruction No. 6-5.

COURT'S INSTRUCTION NO. __

DEFENSE PROPOSED INSTRUCTION NO. 25

(Limiting Instruction Regarding Testimony of Kenneth Zhang)

During trial, you heard testimony from Kenneth Zhang, a Government witness, relating to tape recorded conversations that Mr. Zhang had with Judy Yeung.  To the extent that Mr. Zhang testified about the meaning of words spoken during those conversations by Ms. Yeung, such testimony should only be considered to the extent that it helps you to clarify words spoken by Ms. Yeung that were vague or incomprehensible.  Mr. Zhang's testimony about the meaning of Ms. Yeung's statements should not be considered by you for any other purpose.

Source:  *United States v. Cox*, 633 F.2d 871, 875-876 (9th Cir. 1980) ("Lay witnesses are normally not permitted to testify about their subjective interpretations or conclusions as to what has been said…some lay expressions of opinion or inference may be permitted but only if rationally based on perception of a witness *and* helpful either to an understanding of the testimony of the witness on the stand or to the determination of a fact in issue").

SFI-628848v1

DEFENDANT'S REQUEST FOR
JURY INSTRUCTIONS
CASE NO. CR 09-376 SI

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. __

DEFENSE PROPOSED INSTRUCTION NO. 26

(Reasonable Doubt)

I instruct you that you must presume Ms. Yeung to be innocent of the crimes charged. Thus Ms Yeung, although accused of crimes in the Superseding Indictment, begins the trial with a "clean slate" – with no evidence against her. The Superseding Indictment, as you know, is not evidence of any kind. Ms. Yeung is not on trial for any crime not contained in the Superseding Indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit Ms. Yeung of all charges in the Superseding Indictment.

The burden is always upon the Government to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the Government.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the Government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

Source:  O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions, Criminal* § 12.10, Presumption of Innocence, Burden of Proof, and Reasonable Doubt, ¶¶ 1, 2, 4 (6th ed. 2008);  Ninth Circuit Criminal Model Jury Instructions No. 3.5, Reasonable Doubt – Defined (2003) (third paragraph deleted).

SFI-628848v1

DEFENDANT'S REQUEST FOR
JURY INSTRUCTIONS
CASE NO. CR 09-376 SI

1

COURT'S INSTRUCTION NO. __

2

DEFENSE PROPOSED INSTRUCTION NO. 27

3

(Multiple Conspiracies)

4

You must decide whether the conspiracy charged in the Superseding Indictment existed,

5

and, if it did, who at least some of its members were. If you find that the conspiracy charged did

6

not exist, then you must return a not guilty verdict. If you find some conspiracy other than the

7

conspiracy charged existed, then you must return a not guilty verdict. Similarly, if you find that

8

Ms. Yeung was not a member of the charged conspiracy, then you must find Ms. Yeung not

9

guilty, even though Ms. Yeung may have been a member of some other conspiracy.

10

11

12

13

Source: Adapted from Ninth Circuit Model Criminal Jury Instructions, 8.17.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S REQUEST FOR
JURY INSTRUCTIONS
CASE NO. CR 09-376 SI

1

COURT'S INSTRUCTION NO. __

2

DEFENSE PROPOSED INSTRUCTION NO. 28

3

(*Sears* Instruction)

4

Before being convicted of conspiracy, an individual must conspire with at least one co–

5

conspirator. There can be no conspiracy when the only person with whom Ms Yeung allegedly

6

conspired was a Government informer secretly intending to frustrate the conspiracy.

7

8

9

10

Source:  Adapted from Ninth Circuit Model Criminal Jury Instructions, 8.21.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SFI-628848v1

DEFENDANT'S REQUEST FOR
JURY INSTRUCTIONS
CASE NO. CR 09-376 SI

COURT'S INSTRUCTION NO. __

DEFENSE PROPOSED INSTRUCTION NO. 29

(Transactions not alleged to be wire fraud)

The following three transactions, identified by transaction date and name of lender, have not been alleged by the Government to constitute wire fraud:

| **DATE** | **LENDER** |
|---|---|
| June 21, 2005 | Saxe Mortgage Co. |
| November 23, 2005 | Cal State 9 CU |
| May 25, 2006 | Nishen "Nick" Fu |

Dated: January 27, 2010                   Jones Day


By: ___/s/ Martha Boersch_____
        Martha Boersch

Attorney for Defendant

SFI-628848v1

31                    DEFENDANT'S REQUEST FOR
                      JURY INSTRUCTIONS
                      CASE NO. CR 09-376 SI