IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

JUDY YEUNG,
also known as "Miu Wan Yeung,"

        Defendant.
_____/

No. CR 09-0376 SI

**INSTRUCTIONS TO JURY**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF**

The indictment is not evidence. Defendant Judy Yeung has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

**DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

**REASONABLE DOUBT—DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their

3

clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case and any bias or prejudice;
5. whether other evidence contradicted the witness's testimony;
6. the reasonableness of the witness's testimony in light of all the evidence; and
7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY**

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been directly contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience.

You should keep in mind that the burden of proof is always on the government. Ms. Yeung is not required to call any witnesses or offer any evidence because she is presumed to be innocent.

**CREDIBILITY OF WITNESSES - PRIOR INCONSISTENT STATEMENTS**

The testimony of a witness may be discredited or, as we sometimes say, impeached, by showing that the witness previously made statements which are different than or inconsistent with his testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the job of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

**CHARACTERISTICS OF DEFENDANT IMPROPER TO CONSIDER: RACE, RELIGION, NATIONAL ORIGIN, GENDER OR AGE**

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the national origin, race, gender, age, religion or other such characteristics of Judy Yeung.

5

All persons who come before the court charged with a criminal offense are entitled to the presumption of innocence and the government always has the burden of proof beyond a reasonable doubt.

To repeat, your verdict must be based exclusively upon the evidence or lack of evidence in this case.

**GOVERNMENT AS A PARTY**

You are to perform the duty of finding the facts in this case without bias or prejudice as to any party. You are to perform your duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the prosecution to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration . All parties, whether government or individuals, stand as equals at the bar of justice.

**EVIDENCE OF OTHER ACTS OF DEFENDANT
OR ACTS AND STATEMENTS OF OTHERS**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against this defendant.

**ACTIVITIES NOT CHARGED**

The defendant is on trial only for the crimes charged in the indictment, not for any other activities.

**SEPARATE CONSIDERATION OF MULTIPLE COUNTS**

A separate crime is charged against the defendant in each count. You must decide each count

separately. Your verdict on one count should not control your verdict on any other count.

**STIPULATIONS**

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

The parties have also agreed to what the testimony of certain witnesses would have been if they had been called as witnesses. You should consider that testimony in the same way as if it had been given here in court.

**JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION**

Languages other than English were used during this trial.

The evidence you are to consider is only that provided through the official court translators. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation. You must disregard any different meaning of the non-English words.

**USE OF INTERPRETERS IN COURT**

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

**TRANSCRIPT OF RECORDINGS IN ENGLISH AND OTHER LANGUAGES**

You have listened to various tape recordings that were received in evidence.

Some were in the English language. You were given transcripts of the recordings to help you identify speakers and as a guide to help you listened to the tape. However, bear in mind that the tape recording was the evidence, not the transcript. If you heard something different from what appeared in the transcript, what you heard is controlling.

7

Some of the tape recordings were in a language other than English. For these recordings, you were given a transcript of the recording which was admitted into evidence. The transcript is a translation of the foreign language tape recording. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript and disregard any different meaning of the non-English words.

## TESTIMONY OF KENNETH ZHANG RE TAPE RECORDINGS

During trial, you heard testimony from Kenneth Zhang, a government witness, relating to tape recorded conversations that Mr. Zhang had with Judy Yeung. To the extent that Mr. Zhang testified about the meaning of words spoken during those conversations by Ms. Yeung, such testimony should only be considered to the extent that it helps you to clarify words spoken by Ms. Yeung that were vague or ambiguous. Mr. Zhang's testimony about the meaning of Ms. Yeung's statements should not be considered by you for any other purpose.

## CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

## GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS

You have heard testimony from an informant who was involved in the government's investigation in this case. Law enforcement officials are not precluded from engaging in stealth and deception, such as the use of informants and undercover agents, in order to apprehend persons engaged in criminal activities.

### TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES–IMMUNITY, BENEFITS, ACCOMPLICE, PLEA

You have heard testimony from Kenneth Zhang, Andy Louie, Kenneth Ferrari and Lawrence Phung, witnesses who received immunity. That testimony was given in exchange for a promise by the government that the witness will not be prosecuted for specific crimes.

You have also heard testimony from Alex Yee, a witness who admitted being an accomplice to some of the crimes charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime. You also heard that Alex Yee pleaded guilty to a crime arising out of the same events for which defendant Judy Yeung is on trial. This guilty plea is not evidence against defendant Judy Yeung, and you may consider it only in determining this witness's believability

For these reasons, in evaluating these witnesses' testimony, you should consider the extent to which or whether their testimony may have been influenced by any of these factors. In addition, you should examine their testimony with greater caution than that of other witnesses.

### PERSONS NOT ON TRIAL

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant Judy Yeung is guilty of the crimes charged. You may not draw any inference, favorable or unfavorable, to the government or to the defendant from the fact that other persons are not named as defendants.

### "ON OR ABOUT" – EXPLAINED

The Indictment charges that the offenses alleged in Counts One through Twelve were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in each count of the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

9

**"KNOWINGLY" – DEFINED**

An act is done "knowingly" if the defendant is aware of the act and does not act, or fail to act, through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that her acts or omissions were unlawful. You may consider evidence of the defendant's words, acts or omissions, along with all the other evidence, in deciding whether the defendant acted "knowingly."

**INTENT TO DEFRAUD – DEFINED**

An intent to defraud is an intent to deceive or cheat.

**CONSPIRACY—ELEMENTS**

Defendant Judy Yeung is charged in Count One of the indictment with conspiring to commit wire fraud in violation of Section 1349 of Title 18 of the United States Code. In order for Ms. Yeung to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about December 2004, and ending on or about January 2007, there was an agreement between two or more persons to commit wire fraud; and

Second, Judy Yeung became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements, and in a later instruction I will provide you with the elements of wire fraud.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one

10

another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

Further, an act undertaken by a person at the request of the government cannot be an act in furtherance of a conspiracy.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit Ms. Yeung of this charge.

**CONSPIRACY—KNOWING OF AND ASSOCIATION WITH OTHER CONSPIRATORS**

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with

those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

### CONSPIRACY—LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR (*PINKERTON* CHARGE)

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits the crime of wire fraud in furtherance of a conspiracy, the other members have also, under the law, committed that crime, as long as you find that the crime fell within the scope of the unlawful agreement and could reasonably have been foreseen by the defendant to be a necessary or natural consequence of the unlawful agreement..

### MULTIPLE CONSPIRACIES

You must decide whether the conspiracy alleged by the government existed and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict as to the conspiracy charge, even though you may find some other conspiracy existed. Similarly, if you find that Ms. Yeung was not a member of the charged conspiracy, then you must find Ms. Yeung not guilty as to the conspiracy charge, even though Ms. Yeung may have been a member of some other conspiracy.

### WIRE FRAUD—SCHEME TO DEFRAUD (18 U.S.C. § 1343)

Defendant Judy Yeung is charged in Counts Two through Nine of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. In order for Ms. Yeung to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, defendant Judy Yeung devised a scheme or plan for obtaining money or property by making false promises or statements, with all of you agreeing on at least one particular false promise or statement that was made;

Second, defendant Judy Yeung knew that the promises or statements were false or fraudulent;

Third, the promises or statements were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Fourth, defendant Judy Yeung acted with the intent to defraud; and

Fifth, defendant Judy Yeung used, or caused someone to use, the interstate wires to carry out or to attempt to carry out an essential part of the scheme or plan. The defendant need not have intended the use of wires nor have been aware of the use of the wires, if the use of the wires was reasonably foreseeable.

An interstate wire includes any signal, sign, picture or sound for executing the scheme that travels from one state to another. An interstate wiring is caused when one knows that the interstate wires will be used in the ordinary course of business or when one can reasonably foresee such use.

It does not matter whether the interstate wire was itself false or deceptive so long as the interstate wire was used as a part of the scheme; nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

**SCHEME TO DEFRAUD – VICARIOUS LIABILITY**

Each member of a scheme to defraud is responsible for other co-schemers' actions during the course of and in furtherance of the scheme.

If you decide that defendant Judy Yeung was a member of the scheme to defraud and that she had the intent to defraud, then defendant Judy Yeung is responsible for what other co-schemers said or did to carry out the scheme, even if she did not know what they said or did.

For a defendant to be guilty of an offense committed by a co-schemer as part of or in furtherance of the scheme, the offense must be one that could reasonably be foreseen by the

defendant as a necessary and natural consequence of the scheme to defraud.

## SCHEME TO DEFRAUD - CONDUCT OF LENDERS

If you find that a fraudulent scheme or artifice existed, you may find defendant Judy Yeung guilty even if you believe the lenders might have discovered the fraud had they probed further or been more careful.

Here, the government alleges that defendant Judy Yeung, together with others, engaged in the scheme to defraud lenders by submitting, and causing to be submitted, false and fraudulent loan information, which materially misstated and omitted material facts such as (1) the borrowers listed on the loan application had no intention of paying the mortgages or living in these homes; and (2) the income, employment and assets of the borrowers listed on the loan application were false and inflated.

If you find these false representations and omissions could reasonably have influenced a lender's decision to fund the requested mortgage loans, it is irrelevant whether you believe that the lenders in this case were careless, gullible or even negligent. In addition, whether or not the lenders in this case relied on the false representations and omissions is irrelevant.

However, to find defendant Judy Yeung guilty of this charge you must find that she acted with the intent to defraud, that is, the intent to deceive or cheat. There can be no intent to deceive where it is known by the person making the representations that the lender who will be receiving the representations already knows they are false representations.

## TRANSACTIONS NOT ALLEGED TO BE WIRE FRAUD

The following three transactions, identified by transaction date and name of lender, have not been alleged by the government to constitute wire fraud:

| Date | Lender |
|---|---|
| June 21, 2005 | Saxe Mortgage Co. |
| November 23, 2005 | Cal State 9 Credit Union |

14

May 25, 2006                NiShen "Nick" Fu

### WITNESS TAMPERING (18 U.S.C. § 1512(b)(3))

Defendant Judy Yeung is charged in Counts Ten through Twelve of the indictment with witness tampering in violation of Section 1512(b)(3) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

(a) Defendant Judy Yeung knowingly

(b) used intimidation or threats, or engaged in corrupt persuasion towards another person, or attempted to do so;

(c) with the intent to hinder or prevent the communication;

(d) to a law enforcement officer or judge of the United States;

(e) of information relating to the commission or possible commission of a federal offense.

The term "corrupt persuasion" means persuasion motivated by a wrongful, inappropriate or improper purpose. Only persons conscious of wrongdoing can be said to knowingly corruptly persuade.

This requires more on the part of Ms. Yeung than simply attempting to discourage a witness from disclosing information to the government in order to hinder an investigation. In other words, to be guilty under this section, a defendant must actively persuade another to provide false information in order to hinder and prevent a government investigation.

In order to return a guilty verdict on any of these counts, all jurors must unanimously agree on at least one specific act of intimidation, threat or corrupt persuasion as alleged in the count you are considering. It is not enough, for example, that six of you agree that one action violates the

statute and six of you agree that a different action violates the statute.

## **ATTEMPT**

Defendant Judy Yeung is charged in the indictment with attempting to commit witness tampering in violation of Section 1512(b)(3) of Title 18 of the United States Code. In order for her to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, defendant Judy Yeung intended to commit the crime of witness tampering; and

Second, defendant Judy Yeung did something which was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

Mere preparation is not a substantial step toward the commission of the crime of witness tampering in violation of Section 1512(b)(3) of Title 18 of the United States Code.

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**VERDICT FORM**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through Tracy, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.