IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  <br>　　　　Plaintiff,  <br>　　v.  <br>JUDY YEUNG, aka MIU WAN YEUNG,  <br>　　　　Defendant. | No. C 09-00376 SI  <br>**ORDER DENYING DEFENDANT'S MOTION FOR DIRECTED VERDICT OF ACQUITTAL/NEW TRIAL** |

Defendant's motion for a directed verdict of acquittal and a new trial came on for hearing on April 30, 2010. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby DENIES the motion.

**BACKGROUND**

Defendant Judy Yeung was charged in a Superseding Indictment returned on July 30, 2009 of one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, eight counts of wire fraud in violation of 18 U.S.C. § 1343, and three counts of witness tampering in violation of 18 U.S.C. § 1512(b)(3). On February 9, 2010, a jury found defendant guilty on all counts. Defendant now moves for a directed verdict of acquittal and a new trial.

**LEGAL STANDARDS**

**I.    Motion for Directed Verdict of Acquittal**

Federal Rule of Criminal Procedure 29 permits a court to "set aside the verdict and enter an acquittal" after the jury has returned a guilty verdict. Fed. R. Crim. P. 29(c)(2). In considering a Rule

29 motion, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002) (citation omitted) (original emphasis). The court "must bear in mind that it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." *United States v. Rojas*, 554 F.2d 938, 943 (9th Cir.1977) (internal quotation marks and citation omitted).

## II.     Motion for New Trial

Federal Rule of Criminal Procedure 33 permits the court, on defendant's motion, to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The court's power to grant a new trial is broader than its power to grant a motion for judgment of acquittal because the court "is not obliged to view the evidence in the light most favorable to the verdict, and it is free to weigh the evidence and evaluate for itself the credibility of the witnesses." *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000). However, the court's discretion is not unconstrained. The court may only grant a new trial if it finds that "the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred." *Id.* (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)).

## DISCUSSION

## I.     Conspiracy and Wire Fraud Counts

Defendant first seeks a directed verdict of acquittal on the conspiracy and wire fraud counts on the ground that the evidence presented at trial was not consistent with a single overarching conspiracy and scheme to defraud, as alleged in the Superseding Indictment. Defendant also seeks a new trial on these counts, asserting that the verdict was against the weight of the evidence.

"To establish the existence of a single conspiracy, as compared to multiple conspiracies, the basic test is whether there was one overall agreement to perform various functions to achieve the objectives of the conspiracy." *United States v. Arbelaez*, 719 F.2d 1453, 1457 (9th Cir. 1983) (internal

1 quotation marks and citation omitted). "Typically, the inference of an overall agreement is drawn from
2 proof of a single objective, or from proof that the key participants and the method of operation remained
3 constant throughout the conspiracy." *United States v. Duran*, 189 F.3d 1071, 1080 (9th Cir. 1999)
4 (internal citations omitted).

5 Having considered the arguments of the parties, the Court finds that there was sufficient
6 evidence presented to the jury to support a finding beyond a reasonable doubt that defendant was guilty
7 of the single charged conspiracy and scheme to defraud. Evidence that not every coconspirator
8 participated in every transaction does not undermine the verdict, especially given that several of the
9 coconspirators, including Andy Louie, Alex Yee, and Richard Mesler, each took part in multiple
10 transactions. Additionally, defendant's reliance on *Kotteakos v. United States*, 328 U.S. 307 (1979) is
11 unpersuasive. Defendant admits that the government proved that, unlike the defendants in *Kotteakos*,
12 she was at the center of the charged conspiracy. Defendant's motion for a judgment of acquittal and a
13 new trial on Counts 1-9 is DENIED.

## II.   Witness Tampering Count

16 Defendant also moves for a new trial on the witness tampering count pertaining to witness Andy
17 Louie on the ground that the government presented insufficient evidence to support a conviction. At
18 defendant's suggestion, the Court instructed the jury that the government was required to prove "corrupt
19 persuasion," defined as "persuasion motivated by a wrongful, inappropriate, or improper purpose," and
20 that this "require[d] more on the part of Ms. Yeung than simply attempting to discourage a witness from
21 disclosing information to the Government in order to hinder an investigation. In other words, to be
22 guilty under this section, a defendant must actively persuade another to provide false information."
23 Trial Transcript 2231-32. The Court finds that the evidence presented at trial supported the verdict on
24 this count. The government proved that defendant went beyond merely encouraging Louie to withhold
25 information, and actually coached Louie to actively lie to agents. Defendant's motion for a new trial
26 on Count 10 is DENIED.

3

### III. Evidence of Uncharged Loan Transactions

Finally, defendant contends that she was prejudiced by the admission of evidence relating to several lawful, uncharged loan transactions. The Court disagrees. The government offered this evidence as proof of action in furtherance of the conspiracy and the scheme to defraud. Because the government proved that the lawful transactions were important to the success of the overall conspiracy, or at the very least provided defendant with a motive to engage in the last of the charged transactions, the Court finds that the evidence was properly admitted.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion for a directed verdict of acquittal and a new trial. (Docket No. 185).

**IT IS SO ORDERED.**

Dated: May 5, 2010

SUSAN ILLSTON
United States District Judge